UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DEMOCRACY FORWARD FOUNDATION, | |
| Plaintiff, | |
| v. | Civil Action No. 25-858 (SLS) |
| OFFICE OF MANAGEMENT AND BUDGET et al., | |
| Defendants. | |

**DEFENDANTS' MOTION TO DISMISS AND OPPOSITION TO PLAINTIFF'S
MOTION FOR A LIMITED PRELIMINARY INJUNCTION**

## <u>CONTENTS</u>

INTRODUCTION ....................................................................................................... 1

BACKGROUND ......................................................................................................... 2

   I.   Freedom of Information Act ............................................................................ 2

   II.  Plaintiffs' FOIA Requests ............................................................................. 3

      A.   OMB Request .......................................................................................... 3

      B.   OPM Requests. ....................................................................................... 4

LEGAL STANDARDS .............................................................................................. 7

   I.   Rule 12(b)(1) ................................................................................................ 7

   II.  Rule 12(b)(6) ................................................................................................ 7

   III. Preliminary Injunction ................................................................................. 8

ARGUMENT ............................................................................................................. 9

   I.   The Complaint Should Be Dismissed. ......................................................... 9

      A.   Plaintiff Is Not Entitled to Expedited Processing, Which in Any Event is Infeasible. ... 9

      B.   Plaintiff Failed to Exhaust Administrative Remedies ................................. 11

   II.  The Preliminary Injunction Should Be Denied ............................................. 14

      A.   Plaintiff's Seeks to Enjoin Production of Records That Are Not Part of the Initial FOIA Request ... 14

      B.   Preliminary Injunctions are Generally Inappropriate in FOIA Cases .......................... 16

CONCLUSION ................................................................................**Error! Bookmark not defined.**

# <u>AUTHORITIES</u>

**Cases**

*Al-Fayed v. CIA*,

    254 F.3d 300 (D.C. Cir. 2001) ........................................................................... 11, 19

*Al-Fayed v. CIA*, Civ. A.,

    No. 00-20292, 2000 WL 34342564 (D.D.C. Sept. 20, 2000) ..................................... 19

*Allied Progress v. Consumer Fin. Prot. Bureau*, Civil Action,

    No. 17-686 (CKK), 2017 U.S. Dist. LEXIS 67889 (D.D.C. May 4, 2017) ....................... 10, 18

*Aminjavaheri v. Biden*, Civil A.,

    No. 21-2246-(RCL), 2021 U.S. Dist. LEXIS 184149 (D.D.C. Sep. 27, 2021) ..................... 15

*Arbaugh v. Y&H Corp.*,

    546 U.S. 500 (2006)                         7

*Aronson v. Dep't of Hous. & Urban Dev.*,

    869 F.2d 646 (1st Cir. 1989) ........................................................................... 19

*Ashcroft v. Iqbal*, 556 556 U.S. 662,  678 (2009) ........................................................... 8

*Bell Atl. Corp. v. Twombly*,

    550 U.S. 544 (2007) ...................................................................................... 7, 8

*Bestor v. CIA*, Civ. A.,

    No. 04-2049, 2005 WL 3273723 (D.D.C. Sept. 1, 2005) ........................................ 13

*Beta Steel Corp. v. NLRB*,

    No. 2:97 CV 358, 1997 WL 836525 (N.D. Ind. Oct. 22, 1997) ................................ 19

*Bigwood v. Defense Intelligence Agency*,

    699 F. Supp. 2d 114 (D.D.C. 2010) .................................................................... 8, 13

*Bird v. Barr*, Civ. A,

    No. 19-1581 (KBJ), 2020 U.S. Dist. LEXIS 130277 (D.D.C. July 23, 2020)......................... 15

*Blue v. District of Columbia*,

    811 F.3d 14 (D.C. Cir. 2015) ................................................................................................ 8

*Carlson v. U.S. Postal Serv.*,

    No. 02-5471, 2005 WL 756573 (N.D. Cal. Mar. 31, 2005) ................................................ 19

*Citizens for Responsibility & Ethics in Wash. v. FEC, 711 F.3d 180 (D.C. Cir. 2013),* ........ 12, 13

*Cobell v. Kempthorne*,

    455 F.3d 301 (D.C. Cir. 2006) ............................................................................................ 17

*Columbia Hospital for Women Foundation, Inc. v. Bank of Tokyo–Mitsubishi Ltd.*,

    15 F. Supp. 2d 1 (D.D.C. 1997) ........................................................................................... 9

*Daily Caller v. U.S. Dep't of State*,

    152 F. Supp. 3d 1 (D.D.C. 2015) ........................................................................... 10, 11, 18

*Dorfmann v. Boozer*,

    414 F.2d 1168 (D.C. Cir. 1969) .......................................................................................... 17

*Electronic Privacy Information Center v. Department of Defense*,

    355 F. Supp. 2d 98 (D.D.C. 2004) ........................................................................................ 2

*Electronic Privacy Information Center v. Department of Justice*,

    15 F. Supp. 3d 32 (D.D.C. 2014) .................................................................................... 9, 17

*Guedes v. Bureau of Alcohol, Tobacco, Firearms & Explosives*,

    920 F.3d 1 (D.C. Cir. 2019) ............................................................................................ 9, 16

*Gustave-Schmidt v. Chao*,

    226 F. Supp. 2d 191 (D.D.C. 2002) ...................................................................................... 8

*Haleem v. Dep't of Def.*, Civ. A.,

    No. 23-1471 (JEB), 2024 WL 230289 (D.D.C. Jan. 22, 2024) ................................................ 12

*Heritage Found. v. Dept. of Just.*,

    719 F. Supp. 3d 95 (D.D.C. 2024) ....................................................................................... 13, 14

*Hidalgo v. FBI*,

    344 F.3d 1256 (D.C. Cir. 2003) ........................................................................................... 12, 13

*Hinton v. Corr. Corp. of Am.*,

    624 F. Supp. 2d 45 (D.D.C. 2009) ................................................................................................ 8

*Jerome Stevens Pharms., Inc. v. FDA*,

    402 F.3d 1249 (D.C. Cir. 2005) ................................................................................................... 7

*Kokkonen v. Guardian Life Ins. Co. of Am.*,

    511 U.S. 375 (1994) .................................................................................................................... 7

*Kowal v. MCI Commc'ns Corp.*,

    16 F.3d 1271 (D.C. Cir. 1994) ..................................................................................................... 8

*Long v. Dep't of Homeland Sec.*,

    436 F. Supp. 2d 38 (D.D.C. 2006) ............................................................................................. 18

*Machado Amadis v. Dep't of State*,

    971 F.3d 364 (D.C. Cir. 2020) ................................................................................................... 12

*McNutt v. Gen. Motors Acceptance Corp. of Ind.*,

    298 U.S. 178 (1936) .................................................................................................................... 7

*Moms Against Mercury v. FDA*,

    483 F.3d 824 (D.C. Cir. 2007) ..................................................................................................... 7

*Munaf v. Geren*,

    553 U.S. 674 (2008) ..................................................................................................... 9, 18

*Nat'l Conf. on Ministry to the Armed Forces v. James*,

    278 F. Supp. 2d 37 (D.D.C. 2003) ........................................................................... 17

*Nurriddin v. Bolden*,

    818 F.3d 751 (D.C. Cir. 2016) ..................................................................................... 8

*Oglesby v. Dep't of Army*,

    920 F.2d 57 (D.C. Cir. 1990) ..................................................................................... 13

*Open Top Sightseeing USA v. Mr. Sightseeing, LLC*,

    48 F. Supp. 3d 87 (D.D.C. 2014) ................................................................................ 9

*Palacio v. Luckstone*, Civ. A.,

    No. 22-2800 (RCL), 2023 WL 4450582 (D.D.C. July 11, 2023) .............................. 7

*Patterson v. Harris*, Civ. A.,

    No. 21-3339 (RDM), 2023 WL 346096 (D.D.C. Jan. 20, 2023) ................................ 8

*Pinnacle Armor, Inc. v. United States*,

    No. 07-1655, 2008 WL 108969 (E.D. Cal. Jan. 7, 2008) ......................................... 19

*Public Citizen Health Research Group v. Acosta*,

    363 F. Supp. 3d 1 (D.D.C. 2018) ................................................................................ 9

*Sai v. TSA*,

    54 F. Supp. 3d 5 (D.D.C. 2014) ................................................................................ 14

*Select Milk Producers, Inc. v. Johanns*,

    400 F.3d 939 (D.C. Cir. 2005) ................................................................................... 15

*Steele v. United States*,

    No. 14-cv-1523 (RCL), 2020 WL 7123100 (D.D.C. Dec. 4, 2020) ......................................... 15

*Stone v. Fed. Bureau of Prisons*,

    Civ. A. No. 21-1947 (RDM), 2021 WL 5038654 (D.D.C. Oct. 29, 2021)................................ 7

*Univ. of Tex. v. Camenisch*,

    451 U.S. 390 (1981)........................................................................................................... 17

*Wadelton v. Dep't of State*,

    941 F. Supp. 2d 120 (D.D.C. 2013) ..................................................................................... 19

*Wiedenhoeft v. United States*,

    189 F. Supp. 2d 295 ............................................................................................................ 19

*Winter v. Nat. Res. Def. Council, Inc.*,

    555 U.S. 7 (2008)..................................................................................................... 9, 14, 16

**Statutes**

5 U.S.C. § 552(a)(3)(A) ................................................................................................. 16, 18

5 U.S.C. § 552(a)(6)(A)(i) (2018)................................................................................ 3, 12, 13

5 U.S.C. § 552(a)(6)(E)............................................................................................................ 2

5 U.S.C.S. § 552(a)(6)(E)(v) .................................................................................................... 3

Pub. L. No. 104-231 ............................................................................................................... 2

**Rules**

Federal Rules of Civil Procedure 12(b)(1)............................................................................. 1, 7

Rule 12(b)(6)...................................................................................................................... 7, 8

**Regulations**

5 C.F.R. § 1303.40(e)..................................................................................................... 4

## INTRODUCTION

Plaintiff Democracy Forward Foundation brought this Freedom of Information Act ("FOIA") case against Defendants Office of Management and Budget ("OMB") and Office of Personnel Management ("OPM"). With this premature action, Plaintiff seeks to compel expedited processing of its March 12, 2025 FOIA requests, issuance of a determination, and production of records. *See generally*, Compl., ECF No. 1. In addition to the Complaint, Plaintiff has moved this Court to issue a "limited" preliminary injunction, requiring Defendants to process its requests as soon as practicable, and to produce, no later than April 9, 2025, a subset of entirely new records outside of the scope of its original requests. *See* Pl. Mot., ECF No. 3, at 2-3. As argued more fully below and supported by the declarations of Heather V. Walsh of OMB ("Wash Decl.") and Camille C. Aponte-Rossini of OPM ("Aponte-Rossini Decl."), the Court should dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) and deny the Motion for a Limited Preliminary Injunction. The Complaint fails because it is premature. As of this filing, Defendants have denied Plaintiff's request for expedited processing based on the absence of compelling need and the agencies' limited resources. And the twenty business days that Defendants otherwise have under FOIA to issue a determination in the regular course have yet to elapse.

Furthermore, Plaintiff's Motion fails because it has not shown a likelihood of success on the merits, as the subset of records it seeks via a request for injunctive relief--namely, the agency reduction in force (RIF) plans already approved by Defendants OMB and OMP—were not part of the underlying FOIA requests. Rather, the underlying requests sought only RIF or reorganization "plans submitted" to OMB and OMP. Because Plaintiff's request for preliminary injunctive relief does not mirror the allegations and relief sought in the Complaint, the motion must be denied.

## BACKGROUND

### I.    <u>Freedom of Information Act</u>

Agencies ordinarily process FOIA requests on a first-in, first-out basis. In 1996, Congress amended FOIA to provide for "expedited processing" of certain categories of requests. *See* Electronic Freedom of Information Amendments of 1996 (EFOIA), Pub. L. No. 104-231, § 8, 110 Stat. 3048, 3051-52 (codified at 5 U.S.C. § 552(a)(6)(E)). Expedition, when granted, entitles requesters to move ahead of requests filed previously by other persons but behind other requests previously granted expedited processing. *See Electronic Privacy Information Center v. Department of Defense*, 355 F. Supp. 2d 98, 104 (D.D.C. 2004).

As part of FOIA, Congress directed agencies to promulgate regulations providing for expedited processing of requests for records (i) "in cases in which the person requesting the records demonstrates a compelling need," 5 U.S.C. § 552(a)(6)(E)(i)(I); and (ii) "in other cases determined by the agency." *Id.* § 552(a)(6)(E)(i)(II). OMB regulations provide for expedited processing of FOIA requests where, "(i) [t]he lack of expedited treatment could reasonably be expected to pose an imminent threat to the life or physical safety of an individual; (ii) [t]here is an urgency to inform the public about an actual or alleged Federal Government activity; (iii) [f]ailure to respond to the request expeditiously would result in the loss of due process rights in other proceedings; or (iv) [t]here are possible questions, in a matter of widespread and exceptional public interest, about the Government's integrity which affect public confidence." 5 C.F.R. § 1303.40(e)(1)(i)-(iv). OPM follows the general FOIA provisions for expedited processing of requests demonstrating a "compelling need," that is, either "that a failure to obtain requested records on an expedited basis … could reasonably be expected to pose an imminent threat to the life or physical safety of an individual, or "with respect to a request made by a person primarily engaged in disseminating information, urgency to inform the public concerning actual or alleged Federal Government

activity." 5 U.S.C.S. § 552(a)(6)(E)(v). The FOIA provides that "[a]n agency shall process as soon as practicable any request for records to which the agency has granted expedition," 5 U.S.C. § 552(a)(6)(E)(iii), but sets forth no specific timetables for processing any particular request as to which expedition is granted.

Outside of expedited processing, the FOIA provides that when an agency receives a proper FOIA request, it must determine within twenty business days whether to comply with such request. 5 U.S.C. § 552(a)(6)(A)(i) (2018).

## II.    **Plaintiffs' FOIA Requests**

On March 12, 2025, Plaintiff submitted one FOIA request to OMB and two requests to OPM. Two of Plaintiff's requests were identical for both agencies, while the third was unique to OPM and more extensive. Plaintiff filed this lawsuit on March 23, 2025, eleven days after submitting these three requests

### A.    **OMB Request.**

In its request to OMB, Plaintiff sought expedited processing of:

> All Agency RIF and Reorganization Plans ("ARRPs") submitted to OMB (at workforce@omb.eop.gov or otherwise) by heads and acting heads of departments and agencies as required by OMB Director Vought and OPM Acting Director Ezell's February 26, 2025 memorandum titled "Guidance on Agency RIF and Reorganization Plans Requested by Implementing The President's 'Department of Government Efficiency' Workforce Optimization Initiative".

Compl. ¶ 25. The request sought records from February 1, 2025, through the date of the search, along with expedited processing. *Id.* ¶ 26.

By email dated March 25, 2025, OMB acknowledged receipt of Plaintiff's request and assigned it tracking number 2025-1131. Walsh Decl. ¶ 5. By letter dated April 1, 2025, OMB denied expedited processing pursuant to OMB's FOIA regulations at 5 C.F.R. § 1303.40(e). *See*

Def. Ex. A, April 1, 2025 OMB Letter to Democracy Forward Foundation. Specifically, OMB determined that, based on Plaintiff's statement explaining the basis for expedited processing, denial would not compromise any significant recognized interest, "because the agency reduction-in-force plans are still under development by the Executive Branch[,] and OMB is currently actively reviewing these plans as part of Phase 1." *Id.* Further, OMB explained, the plans Plaintiff requested "are part of a longer two-phase process that has just been initiated." *Id.* Having denied Plaintiff's request for expedite processing, OMB placed Plaintiff's request in its regular processing queue to be handled in the order in which it was received. *Id.*

As of this filing, Plaintiff's request to OMB sits at number 1,899 out of a total of approximately 1,900 pending FOIA requests. Walsh Decl. ¶ 8. After numerous recent staff departures, only two FOIA processors remain at OMB. *Id.* ¶ 20. Those two individuals are responsible for processing FOIA requests, both in and out of litigation. *Id.* Additionally, aside from this case, OMB is a named defendant in twenty other FOIA matters that were filed in federal court prior to this case. *Id.* ¶¶ 11-16.

**B.    OPM Requests**.

In its first request to OPM, as with its request to OMB, Plaintiff sought expedited processing of:

> All Agency RIF and Reorganization Plans ("ARRPs") submitted to OPM (at tracking@opm.gov or otherwise) by heads and acting heads of departments and agencies as required by OMB Director Vought and OPM Acting Director Ezell's February 26, 2025 memorandum titled "Guidance on Agency RIF and Reorganization Plans Requested by Implementing The President's 'Department of Government Efficiency' Workforce Optimization Initiative".

Compl. ¶ 28. The request sought records from February 1, 2025, through the date of the search, along with expedited processing. *Id.* ¶ 29.

By email dated April 1, 2025, OPM acknowledged that this request was received on March 13, 2025 (as Plaintiff submitted it after business hours), and assigned it tracking number 25-OPM-1201-F. Aponte-Rossini Decl. ¶¶ 5, 9. In the same email, OPM denied expedited processing, because Plaintiff failed to show an urgency to inform, and further because OPM is experiencing staffing shortages and an unusual processing backlog due to current resource limitations that would make expedited processing impracticable. *Id.* ¶ 9; *see also* Def. Ex. B, April 1, 2025 OPM Email to Democracy Forward Foundation Re 25-OPM-1201-F.

In its second request to OPM, Plaintiff sought expedited processing of:

> 1) All electronic communications (including emails, email attachments, complete email chains, calendar invitations, calendar invitation attachments, text messages, or messages on messaging platforms) of Acting Director Ezzell, Chief of Staff Amanda Scales, Senior Advisor Brian Bjelde, Senior Advisor Roccardo Biasini, and/or Senior Advisor Noah Peters, regarding the development, approval, and implementation of ARRPs, including directives and guidance sent to other agencies.

> 2) All electronic communications (including emails, email attachments, complete email chains, calendar invitations, calendar invitation attachments, text messages, or messages on messaging platforms) between (1) any OPM officials listed below (or otherwise affiliated with) the Department of Government Efficiency ("DOGE") (also known as the U.S. "DOGE" (previously "Digital") Service), and (2) Elon Musk, or any representatives of Elon Musk or DOGE , or any representatives of the Executive Office of the President (including, but not limited to, emails ending in eop.gov).

Compl. ¶ 31. As part of this more extensive request to OPM, Plaintiff sought the communications of twenty-six specifically named officials. *Id.*

By email dated April 1, 2025, OPM acknowledged that this request was received on March 13, 2025 (as Plaintiff submitted it after business hours), and assigned it tracking number 25-OPM-1202-F. Aponte-Rossini Decl. ¶¶ 5, 11. In the same email, OPM denied expedited processing, because Plaintiff failed to show an urgency to inform, and further because OPM is experiencing

staffing shortages and an unusual processing backlog due to current resource limitations that would make expedited processing impracticable. *Id.* ¶ 9; *see also* Def. Ex. C, April 1, 2025 OPM Email to Democracy Forward Foundation Re 25-OPM-1202-F. To be clear, Plaintiff's preliminary injunction motion disavows that it seeks any relief relating to its second FOIA request to OMP. *See* Pl. Mot. 18 ("[Plaintiff] is not now asking that the other records it has requested, namely the related communications records, Compl. ⁋ 31"). As of this filing, Plaintiff's requests to OPM sit at numbers 717 and 718, respectively, out of a total of approximately 814 pending FOIA requests. Aponte-Rossini Decl. ¶ 13. In addition to those 814 requests, OPM currently has an intake backlog consisting of requests that were submitted via email prior to Plaintiff's requests, totaling approximately 192 that were received between February 6, 2025, and February 26, 2025, and which have not been logged into OPM's FOIA case management system. *Id.* ¶ 14. The number of FOIA requests received by OPM thus far in this fiscal year is highly unusual and significantly exceeds what is typical at OPM. *Id.* ¶ 15. As of April 1, 2025, OPM has exceeded last fiscal year's total with approximately 1,117 FOIA requests received at the half-year point. *Id.* Additionally, OPM is experiencing significant staffing shortages, with only one FOIA processor who handles all OPM FOIA intake and other program management work. *Id.* ¶ 17.

Finally, Plaintiff's "Request for Relief" seeks, among other things, an order requiring "Defendants to grant Plaintiff's requests for expedited processing and to process Plaintiff's requests on an expedited basis by providing Plaintiff, as soon as practicable, with a determination and non-exempt portions of the requested records by producing those records within the time period required by the statute—by April 9, 2025—or else within seven days of the Court's order." Compl. Prayer for Relief. Nowhere did Plaintiff seek access to "approved RIF plans" as sought in its current Motion.

## LEGAL STANDARDS

### I.    Rule 12(b)(1)

Federal courts are courts of limited jurisdiction, and the law presumes that "a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  Plaintiff bears the burden of demonstrating by a preponderance of evidence that this Court possesses subject matter jurisdiction over her claims.  *See McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936); *Moms Against Mercury v. FDA*, 483 F.3d 824, 828 (D.C. Cir. 2007).  When adjudicating a Rule 12(b)(1) motion, courts accept the factual allegations in the complaint as true and "may consider materials outside the pleadings in deciding whether to grant a motion to dismiss for lack of jurisdiction." *Jerome Stevens Pharms., Inc. v. FDA*, 402 F.3d 1249, 1253–54 (D.C. Cir. 2005).

Even in the absence of a Rule 12(b)(1) motion, the Court has an "independent obligation" to assess its jurisdiction.  *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).  "A court lacks subject-matter jurisdiction if a case becomes moot[.]" *Palacio v. Luckstone*, Civ. A. No. 22-2800 (RCL), 2023 WL 4450582, at *3 (D.D.C. July 11, 2023).  Once a Plaintiff is satisfied with the response to his or her FOIA request, the merits of the controversy are moot.  *See Stone v. Fed. Bureau of Prisons*, Civ. A. No. 21-1947 (RDM), 2021 WL 5038654, at *1 (D.D.C. Oct. 29, 2021) (after "Plaintiff indicated that the release appeared satisfactory," "no case or controversy remains for the Court to resolve, and so the Court . . . dismiss[ed] th[e] case as moot").

### II.    Rule 12(b)(6)

A complaint must contain sufficient factual allegations that, if accepted as true, "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating a Rule 12(b)(6) motion, the Court must first tak[e] note of the elements a plaintiff must plead to state [the] claim to relief, and then determine whether the plaintiff has pleaded those

elements with adequate factual support to 'state a claim to relief that is plausible on its face.'" *Patterson v. Harris*, Civ. A. No. 21-3339 (RDM), 2023 WL 346096, at *3 (D.D.C. Jan. 20, 2023) (cleaned up; quoting *Blue v. District of Columbia*, 811 F.3d 14, 20 (D.C. Cir. 2015)).  Pleading "adequate factual support" means providing "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555.  Thus, a court may disregard "inferences drawn by a plaintiff if such inferences are unsupported by the facts set out in the complaint" and "legal conclusions couched as factual allegations." *Nurriddin v. Bolden*, 818 F.3d 751, 756 (D.C. Cir. 2016) (cleaned up; quoting *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994), and citing *Ashcroft v. Iqbal*, 556 556 U.S. 662,  678 (2009)).

When ruling on a Rule 12(b)(6) motion, the Court may consider "facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint," *Gustave-Schmidt v. Chao*, 226 F. Supp. 2d 191, 196 (D.D.C. 2002), and "documents 'upon which the plaintiff's complaint necessarily relies' even if the document is produced not by the plaintiff in the complaint but by the defendant in a motion to dismiss." *Hinton v. Corr. Corp. of Am.*, 624 F. Supp. 2d 45, 46 (D.D.C. 2009) (citing cases).  Courts may also take judicial notice of agency filings with respect to exhaustion.  For instance, in *Bigwood v. Defense Intelligence Agency*, 699 F. Supp. 2d 114, 117 (D.D.C. 2010), the Court, without converting Defendant's motion to a motion for summary judgment, considered the agency's denial of the requester's appeal of expedited processing when determining that the requester had failed to appeal the agency's determination. *See id.* at 117–18 ("For the foregoing reasons, the court grants the defendant's motions to dismiss, denies as moot the defendant's motions in the alternative for partial summary judgment and denies the plaintiff's cross-motion for summary judgment.").

## III.   Preliminary Injunction

"A preliminary injunction is an extraordinary and drastic remedy" and "is never awarded

as of right." *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008) (citation omitted). A movant may be awarded such an "extraordinary remedy" only "upon a clear showing" that it is "entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). To establish such entitlement, a movant must demonstrate that (1) it is likely to succeed on the merits; (2) it is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in its favor; and (4) an injunction is in the public interest. *Id.* at 20. The last two factors merge when the government is the opposing party. *Guedes v. Bureau of Alcohol, Tobacco, Firearms & Explosives*, 920 F.3d 1, 10 (D.C. Cir. 2019), *cert. denied*, 140 S. Ct. 789 2020); *accord Public Citizen Health Research Group v. Acosta*, 363 F. Supp. 3d 1, 20 (D.D.C. 2018).

"[P]laintiffs bear the burden of persuasion on all four preliminary injunction factors in order to secure such an 'extraordinary remedy.'" *Open Top Sightseeing USA v. Mr. Sightseeing, LLC*, 48 F. Supp. 3d 87, 90 (D.D.C. 2014). Further, in the context of a mandatory injunction, like the one sought here, Plaintiff "must meet a higher standard than in the ordinary case by showing clearly that [the movant] is entitled to relief or that extreme or very serious damage will result from the denial of the injunction." *Electronic Privacy Information Center v. Department of Justice*, 15 F. Supp. 3d 32, 39 (D.D.C. 2014) (quoting *Columbia Hospital for Women Foundation, Inc. v. Bank of Tokyo–Mitsubishi Ltd.*, 15 F. Supp. 2d 1, 4 (D.D.C. 1997)).

## ARGUMENT

### I.    The Complaint Should Be Dismissed.

#### A.  Plaintiff Is Not Entitled to Expedited Processing, Which in Any Event is Infeasible.

At the time the Complaint was filed, neither OPM nor OMB had issued a determination of whether to grant expedited processing. Since that time, both agencies have denied Plaintiff's request. This case survives only if the Court finds that Plaintiff is entitled to expedited processing

by April 9, as requested. *See* Compl. "Request for Relief."  Otherwise, as discussed further below, Plaintiff has failed to exhaust administrative remedies, thus warranting dismissal.

The Court should affirm the agencies' denials of Plaintiff's requests for expedited processing, based on the record before the agencies at the time of their determination, along with the balance of equities. *See* 5 U.S.C. § 552(a)(6)(E)(iii) (explaining the standard of judicial review of denial of expedited processing). First, Plaintiff's request does not establish a compelling need. As OMB explained, the plans Plaintiff requested are still under development and active review as part of the first of a two-phase process that has just been initiated. *See* Def. Ex. A. There is no urgency to inform the public of plans that have only recently been received, are still under very early review, and which on their face would be subject to one or more FOIA Exemptions (*e.g.*, the deliberative process privilege under Exemption 5). Accordingly, the agencies were justified in denying Plaintiff's request for expedited processing for lack of a compelling need.

But even if the Court disagrees that Plaintiff failed to establish a compelling need, it should still consider the balance of equities in the agencies' favor.  Courts in this District have recognized that although the public has an interest in expeditious processing of FOIA requests, it likewise has an interest in ensuring that only non-exempt materials are released, and consequently, that agencies have sufficient time to review materials before they are produced. *Allied Progress v. Consumer Fin. Prot. Bureau*, Civil Action No. 17-686 (CKK), 2017 U.S. Dist. LEXIS 67889, at *20-21 (D.D.C. May 4, 2017); *see also Daily Caller v. U.S. Dep't of State*, 152 F. Supp. 3d 1, 15 (D.D.C. 2015). And the Court of Appeals has recognized when a plaintiff's effort to jump to the head of the FOIA processing line would work a significant burden on both the agency and numerous interested parties. *See Al-Fayed v. CIA*, 254 F.3d 300, 310 (D.C. Cir. 2001) ("Given the finite resources generally available for fulfilling FOIA requests, unduly generous use of the expedited

processing procedure would unfairly disadvantage other requestors who do not qualify for its treatment."); *see also Daily Caller v. United States Dep't of State*, 152 F. Supp. 3d 1, 14 (D.D.C. 2015) (finding plaintiff's proposed twenty-day timeline infeasible in light of the resources currently committed to other pending, and equally time-sensitive, requests).

Here, the balance of equities tips in favor of both OPM and OMB as these agencies have detailed their staffing constraints, and their current FOIA queues and backlogs that preceded Plaintiff's requests. With limited resources working to process all outstanding requests as quickly as possible—including those in which expedited processing was granted—the agencies have a responsibility to balance the public's interest in disclosure with equally important public and private interests in safeguarding potentially sensitive information. Such balancing cannot be done responsibly by rushing Plaintiff to the front of the line to produce plans and related communications that are still in the nascent phase of the deliberative process subject to withholding under Exemption 5. "[E]xpediting FOIA requests is not an end in itself, as it means that either some requests are merely put ahead of others, or that expedited processing is rendered meaningless, as expediting all requests is tantamount to expediting none." *Allied Progress*, 2017 U.S. Dist. LEXIS 67889, at *21. Here, diverting significantly limited resources to accelerate the processing of Plaintiff's requests for unreviewed and unapproved plans, necessarily will be to the detriment of other requesters, many of whom submitted their expedited requests earlier than the Plaintiff. Accordingly, the Court should affirm the agencies' denial of Plaintiffs' request for expedited processing.

### B. Plaintiff Failed to Exhaust Administrative Remedies.

With no compelling need for expedited processing, Plaintiff's underlying FOIA claims should be dismissed for failure to exhaust administrative remedies. To bring suit under the FOIA,

a requester must demonstrate compliance with the agency's filing procedures and the agency's internal appeals process. *See Hidalgo v. FBI*, 344 F.3d 1256, 1259 (D.C. Cir. 2003); *accord Machado Amadis v. Dep't of State*, 971 F.3d 364, 371 (D.C. Cir. 2020) ("As a general matter, a FOIA requester must exhaust administrative appeal remedies before seeking judicial redress." (quoting *Citizens for Resp. & Ethics in Wash. v. FEC*, 711 F.3d 180, 182 (D.C. Cir. 2013))). "[E]ven though they are not jurisdictional, FOIA's exhaustion requirements are not mere formalities to be routinely ignored, some unseemly morass of bureaucratic red tape. Instead, exhaustion is regarded as a core component of orderly procedure and good administration—a doctrinal safeguard that preserves agency authority and judicial efficiency." *Haleem v. Dep't of Def.*, Civ. A. No. 23-1471 (JEB), 2024 WL 230289, at *5 (D.D.C. Jan. 22, 2024) (cleaned up).

The FOIA provides that when an agency receives a proper FOIA request, it "must determine within twenty [business] days . . . whether to comply with such request." 5 U.S.C. § 552(a)(6)(A)(i) (2018); *see CREW v. FEC*, 711 F.3d 180, 188 (D.C. Cir. 2013) (noting the government agency must respond to a FOIA request within twenty business days). The Court of Appeals has held that "in order to make a 'determination' within the statutory time periods and thereby trigger the administrative exhaustion requirement, the agency need not actually produce the documents within the relevant time period . . . [b]ut the agency must at least indicate within the relevant time period the scope of the documents it will produce and the exemptions it will claim with respect to any withheld documents." *CREW*, 711 F.3d at 189.

"The statutory scheme in the FOIA specifically provides for an administrative appeal process following an agency's denial of a FOIA request. . . . Courts have consistently confirmed that the FOIA requires exhaustion of this appeal process before an individual may seek relief in the courts." *Oglesby v. Dep't of Army*, 920 F.2d 57, 61–62 (D.C. Cir. 1990); see also 5 U.S.C. §

12

552(a)(6)(A)(i), (ii).  Where a plaintiff fails to show exhaustion of administrative remedies, its FOIA claim should be dismissed.  *See Bigwood*, 699 F. Supp. 2d at 117 ("The plaintiff, however, has provided no argument or evidence indicating that he exhausted his administrative appeal options."); *Bestor v. CIA*, Civ. A. No. 04-2049, 2005 WL 3273723, at *1 (D.D.C. Sept. 1, 2005) ("Because the plaintiff has failed to allege or provide proof of exhaustion and because the purposes of exhaustion do not support judicial review at this stage, the defendant's motion to dismiss will be granted."). One purpose of exhaustion is to deter requesters from suing prematurely in order to give the agency and requester a chance to resolve or narrow their disputes without burdening federal courts. *Heritage Found. v. Dept. of Just.*, 719 F. Supp. 3d 95, 98-99 (D.D.C. 2024) (citing *Hidalgo v. FBI*, 344 F.3d 1256, 1259 (D.C. Cir. 2003))

Here, the Complaint should be dismissed because Plaintiff filed it prematurely, before even the statutory twenty-business-day period for issuing a determination had passed. Indeed, as of this filing, the twenty-business-day statutory period still has not elapsed; that will occur on April 9, 2025.  Specifically, Plaintiff submitted their FOIA requests on March 12, 2025, and prematurely filed suit in federal court eleven calendar days later on March 23, 2025.  *See*, *generally*, Compl.

And at least with respect to Plaintiff's late-night requests to OPM for expedited processing, which were not received until March 13, the Complaint was filed even before the statutory ten-day period for issuing a determination on expedited processing had passed. *See* 5 U.S.C.S. § 552(6)(E)(ii)((1). As courts in this District have recognized, "[e]very premature filing of an action under the [statute] imposes some burden on the judicial system," and "[t]he interest in orderly administration of this body of litigation is best served by adherence to [that] straightforward statutory command." *Heritage Found. v. United States DOJ*, 719 F. Supp. 3d 95, 99 (D.D.C. 2024). Accordingly, the Complaint should be dismissed for failure to exhaust administrative remedies.

## II.    <u>The Preliminary Injunction Should Be Denied.</u>

The type of emergency relief Plaintiff seeks here is typically considered inappropriate in FOIA cases. While Plaintiff may be frustrated by waiting in line for records it contends it is entitled to, Plaintiff fails to carry its heavy burden of demonstrating entitlement to an injunction, much less a mandatory one that would require Defendants to alter their status quo. Accordingly, the Court should deny the Motion for Preliminary Injunction.

### A.    Plaintiff Seeks to Enjoin Production of Records That Are Not Part of the Initial FOIA Requests

"[A] preliminary injunction may not issue when it is not of the same character as that which may be granted finally and when it deals with matter outside the issues in the underlying suit." *Sai v. TSA*, 54 F. Supp. 3d 5, 8–9 (D.D.C. 2014) (citation omitted). Just as a court lacks jurisdiction over a motion for a preliminary injunction in the absence of a complaint, it also lacks jurisdiction over a motion when it "raises issues different from those presented in the complaint." *Id.* at 9.

Here, Plaintiff asks the Court to compel Defendants to produce by April 9, "those RIF plans that Defendants have approved with rolling productions thereafter." Pl. Mot. at 2 ("agency RIF plans already approved by Defendants OMB and OPM"); *see also id.* at 13 ("production by a date certain only *approved* RIF plans.") (emphasis in original). But "approved RIF plans" were not part of Plaintiff's two underlying FOIA requests[1] or the underlying Complaint. Rather, Plaintiff requested and has complained about RIF and reorganization plans that have been "submitted" to OPM and OMB. *See* Compl. ¶¶ 25, 28. Moreover, Plaintiff's "Request for Relief" only seek expedition processing of the requested records (i.e., RIF and reorganization "plans" "submitted to

---

[1]    As mentioned above, Plaintiff's motion does not seek production of the related communications in its second FOIA request to OPM. *See* Pl. Mot. at 13.

OPM and OMB).  *See* Compl. at 10-11.  Plaintiff's Motion is therefore at odds with the Complaint. And in any event, the plans Plaintiff requested are still under active review and have not yet been "approved." *See* Walsh Decl. ¶ 22; *see also* Def. Ex. A.

A preliminary injunction has a "limited purpose ... [to] preserve[ ] the trial court's power to adjudicate the underlying dispute by maintaining the status quo ante." *Select Milk Producers, Inc. v. Johanns*, 400 F.3d 939, 954 (D.C. Cir. 2005) (Henderson, J., dissenting). So where "a preliminary injunction motion seeks temporary relief on claims not pleaded in the complaint"— or, as here, on records not sought in the initial FOIA request —"the court will have no occasion to finally adjudicate those claims on the merits." *Steele v. United States*, No. 14-cv-1523 (RCL), 2020 WL 7123100, at *7 (D.D.C. Dec. 4, 2020) (denying motion "to enjoin a practice that plaintiffs do not challenge in the operative complaint"); *see also Aminjavaheri v. Biden*, Civil A. No. 21-2246- (RCL), 2021 U.S. Dist. LEXIS 184149, at *20 (D.D.C. Sep. 27, 2021) ( denying a preliminary injunction due to plaintiff's failure to include allegations in the complaint); *Bird v. Barr*, Civ. A No. 19-1581 (KBJ), 2020 U.S. Dist. LEXIS 130277, at *5 (D.D.C. July 23, 2020) (denying a preliminary injunction because the plaintiffs sought different relief in the complaint). Because Plaintiff's motion for preliminary injunction is at odds with the Complaint, it is outside of the Court's subject matter jurisdiction and it should therefore be denied.

Additionally, were the Court to consider Plaintiff's motion under the four-factor test for preliminary injunctive relief, it would fail on all four. *See Winter*, 555 U.S. at 20 (discussing the four factors for granting preliminary injunction). First, Plaintiff is not likely to succeed on the merits. An agency's obligation to produce records under FOIA is only triggered when a request "reasonably describes" those records. 5 U.S.C. § 552(a)(3)(A). The "limited subset" of records (e.g., "approved RIF plans") at issue in Plaintiff's motion for preliminary injunction is not part of

the original FOIA request. Accordingly, Plaintiff cannot succeed on the merits on a request it never made. Second, Plaintiff cannot show that it is likely to suffer irreparable harm in the absence of preliminary relief. The records Plaintiff wants immediately are RIF plans that have been approved. Such plans do not exist and, again, Plaintiff never even requested them in their FOIA requests. *See* Walsh Decl. ¶¶ 22-23. Third, the balance of equities does not tip in Plaintiff's favor. Even if the "limited subset" at issue in the motion consisted of those records which Plaintiff actually did seek in its FOIA requests —plans "submitted," not "approved"—the public interest in ensuring that only non-exempt materials are released, and consequently, that the agencies have sufficient time to review materials before they are produced would outweigh Plaintiff's interest in jumping to the front of the queue. *See Guedes v. Bureau of Alcohol, Tobacco, Firearms & Explosives*, 920 F.3d 1, 10 (D.C. Cir. 2019) (noting that the two factors merge when the government is the opposing party).

### B. Preliminary Injunctions are Generally Inappropriate in FOIA Cases

Even if Plaintiff's relief sought through its motion matched its Complaint, the Court would still be well within its discretion to deny it on the ground that preliminary injunctive relief is generally inappropriate in the context of a FOIA action.

The traditional purpose of a preliminary injunction is to "preserve the status quo" so that the court can issue a meaningful decision on the merits. *Cobell v. Kempthorne*, 455 F.3d 301, 314 (D.C. Cir. 2006) (citation omitted). FOIA injunctions, of the kind Plaintiff seeks here, depart from this purpose. Requiring agencies to produce documents within a specified period of time, as Plaintiffs requests, "alter[s], rather than preserve[s], the status quo by commanding [a] positive act." *Elec. Info. Privacy Ctr. v. Dep't of Just.*, 15 F. Supp. 3d 32, 39 (D.D.C. 2014) (citations omitted). Such mandatory injunctions are disfavored as a general matter—and should not be issued

except in truly extraordinary circumstances, which FOIA requests rarely if ever pose. *See, e.g., id.* (mandatory injunctions require "the moving party [to] meet a higher standard than in the ordinary case by showing clearly that he or she is entitled to relief or that extreme or very serious damage will result from the denial of the injunction") (citations omitted*); see also Nat'l Conf. on Ministry to the Armed Forces v. James*, 278 F. Supp. 2d 37, 43 (D.D.C. 2003) ("A district court should not issue a mandatory preliminary injunction unless the facts and law clearly favor the moving party." (quotation omitted)).

Separately, binding precedent dictates that a preliminary injunction should not be a way for a plaintiff to short circuit the litigation process, and obtain the full relief it seeks on the merits. *Dorfmann v. Boozer*, 414 F.2d 1168, 1173 n.13 (D.C. Cir. 1969) ("a preliminary injunction should not work to give a party essentially the full relief he seeks on the merits.") (per curiam); *see also Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981) ("[I]t is generally inappropriate for a federal court at the preliminary injunction stage to give a final judgment on the merits."). Yet in a FOIA case such as this one,  an order directing an agency to produce records by a date certain is the ultimate relief plaintiffs seek. *Compare* Pls.' Mot. (seeking "approved RIF plans") *with* Compl. at 8 (describing Plaintiff's FOIA requests as seeking RIF and reorganization plans "submitted" to Defendants). Granting ultimate relief in the guise of a preliminary injunction is improper. *See, e.g., Daily Caller*, 152 F. Supp. 3d at 6–7.

Finally, FOIA establishes its own specialized procedural framework controlling the processing of FOIA requests and procedures for FOIA litigation. *See, e.g.*, 5 U.S.C. § 552(a)(3)(A) (providing that a FOIA request must reasonably describe the records sought and must be filed in accordance with published rules and procedures); *id.* § 552(a)(6)(E)(iii) (requiring FOIA requests granted expedited processing to be processed as soon as practicable); *id.* § 552(a)(4)(C) (requiring

responsive filing within thirty days of service of a complaint). Sidestepping this statutory framework through emergency relief undermines Congressional intent and serves to disadvantage other requestors and litigants whose requests must then give way to Plaintiff's interests. Plaintiff should not be permitted to use the "extraordinary and drastic remedy" of an injunction, *Munaf*, 553 U.S. at 689, as a means of jumping ahead of other requests or consuming FOIA resources thereby disadvantaging other FOIA requesters (including those whose FOIA requests had also been granted expedited processing, or are subject to court-ordered production).

For all these reasons, Courts in this district routinely deny requests for preliminary injunctions in FOIA cases. *See, e.g., Long v. Dep't of Homeland Sec.*, 436 F. Supp. 2d 38, 44 (D.D.C. 2006) (given the "broad scope of plaintiff's requests," denying motion for preliminary injunction to compel processing within twenty days, and explaining that "[t]he government has not yet had a chance to review its files, prepare and file a dispositive motion, and provide the Court the information necessary to make a decision on any material that might be subject to an exemption"); *Allied Progress*, 2017 WL 1750263, at *1 (denying request for a preliminary injunction mandating expedited processing and production where requester failed to show a likelihood of success on the merits and irreparable harm); *Elec. Privacy Info. Ctr. v. Dep't of Just.*, Civ. A. No. 03-2078 (D.D.C. Oct. 20, 2003), ECF No. 4, slip op. at 1 (denying, sua sponte, a request "'enjoining defendant [Department of Justice] from continuing to deny plaintiff expedited processing of plaintiff's Freedom of Information Act request'" because such relief "would effectively grant all the relief plaintiff seeks"), *vacated as moot*, 2004 WL 2713119 (D.C. Cir. 2004).[2]

---

[2]    *See also, e.g., Wadelton v. Dep't of State*, 941 F. Supp. 2d 120, 124 (D.D.C. 2013) (denying request for a preliminary injunction to expedite processing where requester failed to meet all four elements); *Al-Fayed v. CIA*, Civ. A. No. 00-20292, 2000 WL 34342564, *6 (D.D.C. Sept. 20,

**CONCLUSION**

Plaintiff's request for expedited processing of its FOIA request was rightfully denied. With no entitlement to expedited processing, the Complaint is premature and should therefore be dismissed for failure to exhaust administrative remedies. And because the subset of records ("approved RIF plans") Plaintiff requests in its Motion for Preliminary Injunction were not part of the underlying FOIA requests ("plans" "submitted" to Defendants), Plaintiff cannot show a likelihood of success on the merits. Accordingly the Court should deny the preliminary injunction.

A Proposed Order is being filed herewith.

---

2000) (finding that "upon consideration of the parties' arguments, the statutory and regulatory context, and the applicable case law," emergency relief was not warranted despite the agency's delay in responding to FOIA requests), *aff'd*, 254 F.3d 300 (D.C. Cir. 2001); *Jud. Watch, Inc. v. Dep't of Just.*, No. 00-1396 (D.D.C., June 27, 2000), ECF No. 4, slip op. at 1 (denying plaintiff's "emergency motion for expedited treatment" to "compel defendant to respond to plaintiff's Freedom of Information Act request" and noting that the FOIA "was not designed and does not operate as a vehicle to provide immediate and continuing access to government records through litigation"). Courts in other districts do so as well. *See, e.g., Aronson v. Dep't of Hous. & Urban Dev.*, 869 F.2d 646, 648 (1st Cir. 1989) (Breyer, J.) (denying preliminary injunction); *Pinnacle Armor, Inc. v. United States*, No. 07-1655, 2008 WL 108969, at *9 (E.D. Cal. Jan. 7, 2008) (denying injunctive relief and noting that "[p]laintiff has not provided any authority for the proposition that the claim for the Freedom of Information Act supports a claim for an injunction"); *Carlson v. U.S. Postal Serv.*, No. 02-5471, 2005 WL 756573, at *8 (N.D. Cal. Mar. 31, 2005) (denying request for injunction sought to compel "timely" response to FOIA request); *Beta Steel Corp. v. NLRB*, Civ. A. No. 97-358, 1997 WL 836525, at *2 (N.D. Ind. Oct. 22, 1997) (denying preliminary injunction); *cf. Wiedenhoeft v. United States*, 189 F. Supp. 2d 295, 29697 (D. Md. 2002) (refusing to issue temporary restraining order to force "immediate compliance" with plaintiff's FOIA requests by moving them "to the head of the queue forthwith").

Dated: April 2, 2025                    Respectfully submitted,


                                        EDWARD R. MARTIN, JR., D.C. Bar #481866
                                        United States Attorney


                                        BY: */s/ L'Shauneé J. Robertson*
                                            L'SHAUNTEE J. ROBERTSON
                                            Assistant United States Attorney
                                            601 D Street, N.W.
                                            Washington, D.C. 20530
                                            Phone: (202) 252-1729

                                        *Attorneys for the United States*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DEMOCRACY FORWARD
FOUNDATION,

                    Plaintiff,

          v.                                    Civil Action No. 25-858 (SLS)

OFFICE OF MANAGEMENT AND
BUDGET et al.,

                    Defendants.

**[PROPOSED ORDER]**

UPON CONSIDERATION of Defendants' Motion to Dismiss the Complaint, Opposition

to Plaintiff's Motion for Preliminary Injunction, and the entire record herein, it is hereby

ORDERED that Defendants' Motion to Dismiss the Complaint is GRANTED;

ORDERED that Plaintiff's Motion for Preliminary Injunction is DENIED; and it is further

ORDERED that Complaint is DISMISSED without prejudice.


SO ORDERED:


Dated: _____            _____
                                    SPARKLE L. SOOKNANAN
                                    United States District Judge