UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DEMOCRACY FORWARD FOUNDATION,
                Plaintiff,

         v.

OFFICE OF PERSONNEL MANAGEMENT,
*et al.*,
                Defendants.

Case No. 1:25-cv-00858

**DECLARATION OF HEATHER V. WALSH IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS AND OPPOSITION TO PLAINTIFF'S MOTION FOR A
LIMITED PRELIMINARY INJUNCTION**

I, Heather V. Walsh, make the following declaration based on personal knowledge, information,
and belief:

1.      I currently serve as the Deputy General Counsel in the Office of Management and Budget's
(OMB) Office of General Counsel (OGC).  Prior to this position, I was an Assistant General
Counsel in this office and have worked in OMB's OGC since 2009.

2.      As Deputy General Counsel at OMB, I am familiar with how the request submitted under
the Freedom of Information Act (FOIA), 5 U.S.C. § 552, that is the subject of this litigation is
being handled by OMB and the basis of decisions made during those processes.

3.      The purpose of this declaration is to provide information about OGC's FOIA operations
and the request at issue in this litigation, to demonstrate why plaintiff's request should be processed
in the ordinary course, rather than being required to be completed on an expedited basis by April
9, 2025.

**PLAINTIFF'S FOIA REQUEST**

4.      By letter dated March 12, 2025, plaintiff submitted to OMB its FOIA request that is the

subject to this litigation.  Plaintiff's description of the requested records was:

> All Agency RIF and Reorganization Plans ("ARRPs") submitted to OMB (at
> workforce@omb.eop.gov or otherwise) by heads and acting heads of departments and
> agencies as required by OMB Director Vought and OPM Acting Director Ezell's
> February 26, 2025 memorandum titled "Guidance on Agency RIF and Reorganization
> Plans *Requested by Implementing The President's 'Department of Government
> Efficiency' Workforce Optimization Initiative"*.

Plaintiff sought all records since February 1, 2025, and also asked for expedited processing.

5.      By email dated March 25, 2025, OMB acknowledged receipt of this request and assigned

it tracking number 2025-1131.

6.      By letter dated April 1, 2025, OMB denied expedited processing.

7.      As of the date of this Declaration, plaintiff's FOIA request remains pending in OMB's

FOIA processing queue.

**OMB'S FOIA WORKLOAD**

8.      As of April 2, 2025, plaintiff's FOIA request sits at number 1,897 out of a total of

approximately 1,900 pending FOIA requests.

9.      Moving plaintiff's FOIA request from the bottom of the queue to the very top would be

unfair and unjust to other FOIA requesters, who have equally important requests for records, and

who have been waiting for months, if not years, to have their requests processed.

**OMB'S COMPETING FOIA LITIGATION PRIORITIES**

10.     Even if plaintiff's FOIA request leapfrogs to the front of the processing queue, OMB has

additional competing FOIA priorities in the near term which would make it nearly impossible to

complete processing by April 9.

11.  In addition to plaintiff's lawsuit here, OMB is named as a defendant in approximately 20 additional pending lawsuits making claims under the FOIA.  For some of these lawsuits, OMB is awaiting further action either by the court or by codefendant agencies before OMB may be required to devote significant additional attention to them.  However, many of these FOIA litigations, all of which predate the filing of plaintiff's lawsuit, impose requirements on OMB which would conflict with a requirement to fully process plaintiff's requests by April 9.

12.  OMB has five pending FOIA litigations for which OMB has been providing or shortly will begin providing monthly rolling productions of records.  These litigations are:

    a.  <u>Alaska Oil and Gas Association v. U.S. Dep't of Interior et al</u>, 1:24-cv-2653 (DDC) (request for records pertaining to proposed regulations of the National Petroleum Reserve – Alaska)

    b.  <u>Center for Biological Diversity v. Office of Management and Budget et al</u>, 24-cv-3234 (DDC) (seven requests for records pertaining to proposed regulations related to critical habitat designations of endangered species, and other matters)

    c.  <u>Functional Government Initiative v. Office of Management and Budget</u>, 1:24-cv-2572 (DDC) (request for records pertaining to proposed regulations of power plant emissions)

    d.  <u>Fluet & Associates, PLLC v. Office of Management and Budget</u>, 1:24-cv-2067 (DDC) (request for records pertaining to U.S. Digital Service involvement in the Internal Revenue Service's "Direct File" program)

    e.  <u>VRA Enterprises, LLC d/b/a Precision Rx v. Center for Medicare and Medicaid Services et al</u>, 8:23-cv-2474 (M.D.Fl) (request for records pertaining to the Demonstration, under Medicare Part B, of over-the-counter COVID-19 tests)

13.    In addition to these litigations, OMB has two pending litigations in which it is preparing to provide a final response to the requests, but those final responses are still under consideration:

    a.    <u>American Oversight v. U.S. Dep't of Energy et al</u>, 1:24-cv-3453 (DDC) (request for records pertaining to delegations of statutory or regulatory authority)

    b.    <u>American Oversight v. U.S. National Archives and Records Administration et al</u>, 1:24-cv-3406 (DDC) (request for records pertaining to Reductions in Force)

14.    In addition to these litigations, OMB has three fairly new pending litigations for which OMB is still ascertaining the scope of potentially responsive records, if any:

    a.    <u>American Oversight v. U.S. Department of Government Efficiency et al</u>, 1:25-cv-409 (DDC) (two requests for certain records of communication involving Elon Musk or others).

    b.    <u>Center for Biological Diversity v. Office of Management and Budget</u>, 1:25-cv-165 (DDC) (request for certain records of communication between OMB and the Trump/Vance transition team)

    c.    <u>Citizens for Responsibility and Ethics in Washington v. U.S. DOGE Service et al</u>, 1:25-cv-00511 (DDC) (three requests seeking a host of records related to the newly created U.S. Department of Government Efficiency)

15.    Finally, in addition to these litigations, OMB has two litigations requiring substantial attention for other reasons:

    a.    <u>Joshua Phillips v Office of Management and Budget</u>, 1:20-cv-2233 (DDC) (three requests for certain records related to preparing for major domestic incidents or pandemics).  Although OMB has completed productions, plaintiff has requested an

informal Vaughn Index[1] with information about hundreds of discrete withholdings. OMB is currently drafting this to provide to plaintiff.

b. <u>Richard Orville Torp v. Office of Management and Budget</u>, 1:24-cv-77 (W.D.Mi) (request for certain 83-I forms submitted to the OMB Office of Information and Regulatory Affairs under the Paperwork Reduction Act)

16.    In total, aside from this case, there are 12 litigations which make claims under the FOIA, where OMB is a defendant, which are pending OMB action.  Each of these 12 cases were filed prior to this case.

17.    Aside from litigation priorities and processing expedited requests, OMB continues to have additional recurring short-term legal obligations pursuant to the FOIA.  These include, but are not limited to, timely acknowledging incoming requests, adjudicating requests for expedited processing, and processing consultations on records sent to OMB from other agencies.  Incoming FOIA consultations frequently relate to FOIA litigations where the outside agency is a named defendant, which therefore may have litigation deadlines requiring short-term OMB attention.

18.    Completing the processing of plaintiff's FOIA request by a date certain would almost certainly render OMB unable to timely meet its obligations to other FOIA plaintiffs in other cases.

**OMB'S CURRENT STAFFING**

19.    OMB OGC is responsible for ensuring that the agency complies with its statutory responsibilities and for providing advice to agency staff on a wide variety of legal matters relating to OMB activities, including on matters related to the development and execution of the federal budget, significant proposed regulations, regulatory policy, human capital, privacy policy, financial management, information technology, and federal procurement policy.  OMB OGC is

---

[1] Named for the case <u>Vaughn v. Rosen</u>, 484 F.2d 820 (D.C. Dir. 1973), a Vaughn Index is an agency's itemization of challenged redactions and the basis of the application of FOIA exemptions, 5 USC 552(b).

also responsible for processing FOIA requests and managing FOIA litigation. Three Assistant General Counsels are each responsible for at least one of the cases listed above, in addition to other duties.

20.    In addition to these attorneys, OMB OGC currently has only two Government Information Specialists who process FOIA requests, including FOIA requests subject to litigation.

21.    This small workforce dedicated to FOIA and FOIA litigation significantly limits the pace of OMB's FOIA operations.

**PROCESSING PLAINTIFF'S REQUEST**

22.    Finally, even if plaintiff's request were at the front of the processing queue, and even if OMB did not have competing litigation deadlines to other plaintiffs, the processing of plaintiff's FOIA request is not likely to result in the release of any records because the agency plans sought by plaintiff are inherently predecisional and deliberative, and thus protected from disclosure under Exemption 5 of the FOIA statute, 5 U.S.C. § 552(b)(5).

23.    Specifically, the agency reduction in force (RIF) plans sought by plaintiff are currently under review by defendants, and none have been approved by OMB. This review process consists of two phases, described in detail in the Memorandum issued by defendants to the Heads of Executive Departments and Agencies on February 26, 2025. This Memorandum stems from Executive Order 14210, *Implementing the President's "Department of Government Efficiency" Workforce Optimization Initiative*, dated February 11, 2025, as well as the Presidential Memorandum on the Hiring Freeze, dated January 20, 2025.

**CONCLUSION**

24.    For these reasons, plaintiff's FOIA request should not be given preferential or expedited treatment, and instead should be processed in the normal course of business and in the order in which it was received.

Pursuant to 28 U.S.C. § 1746, I declare under the penalty of perjury that the foregoing is true and accurate to the best of my knowledge and belief.

Executed in Washington, DC, on this 2nd day of April, 2025.

Heather V. Walsh
Deputy General Counsel
Office of Management and Budget