UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DEMOCRACY FORWARD
FOUNDATION,

               Plaintiff,

       v.

OFFICE OF MANAGEMENT AND
BUDGET, et al.,

               Defendants.

Civil Action No. 25-0858 (SLS)

**DEFENDANTS' REPLY IN FURTHER SUPPORT OF MOTION TO DISMISS**

     Defendants Office of Management and Budget ("OMB") and Office of Personnel Management ("OPM"), through the undersigned, respectfully submit this Reply in further support of their Motion to Dismiss Plaintiff's Freedom of Information Act ("FOIA") Complaint.

**INTRODUCTION**

     As shown in Defendants' Motion to Dismiss ("Motion"), Defendants appropriately denied Plaintiff's request for expedited treatment. Tellingly, Plaintiff's Opposition (ECF No. 17)[1] does not seriously refute the agencies' well-founded bases for the denial – namely, OMB and OPM cannot expeditiously process Plaintiff's FOIA requests because Plaintiff's requests failed to establish that a denial would compromise any significantly recognized interest. OMB and OPM are actively reviewing ARRPs submitted under Phase 1. Additionally, expedited processing is not

---

[1]     The full title is Plaintiff's "Reply Memorandum in Support of Plaintiffs' Motion For A Limited Preliminary Injunction and Opposition to Defendants' Motion to Dismiss" (ECF Nos. 16, 17). For ease of reference, Defendants shall cite to Plaintiff's filing in ECF No. 17, and refer to it as "Plaintiff's Opposition" or "Pl. Opp."

feasible because neither OMB nor OPM have resources to expedite requests in light of staffing constraints and the overwhelming number of pending FOIA requests, including those in litigation.

Moreover, Plaintiff's Opposition to Defendants' Motion improperly moves the goalposts as to what it wants from the Government. The two FOIA requests sought "RIF and Reorganization Plans" or "ARRPs" that were submitted to OMB and OPM. Next, the Complaint's Request for Relief echoed the FOIA requests and sought "the requested records" (i.e., the ARRPs submitted to Defendants). Thereafter, Plaintiff's preliminary injunction motion sought "RIF plans already approved" by Defendants. Then Plaintiff's Opposition sought plans that "have been effectively approved." Finally, the revised proposed order seeks "the so-called 'Phase 1' reduction in force ('RIF') plans that Defendants have approved." Plaintiff's shifting goalposts only underscore the fact that this FOIA lawsuit is premature because the twenty-business-day statutory time for Defendants to respond to the FOIA requests has not yet expired. Therefore, Plaintiff has not exhausted administrative remedies before filing suit, as is required. These legal deficiencies warrant dismissal of Plaintiff's FOIA complaint, which likewise warrants denial of Plaintiff's preliminary injunction motion.

For these reasons and those in Defendant's Motion to Dismiss, the Court should dismiss this FOIA matter and accordingly deny Plaintiff's preliminary injunction motion.

## ARGUMENT

### I.    The Records Before the Agencies Supported Denying Plaintiff's Request for Expedited Processing

Plaintiff's Opposition has not seriously refuted Defendants' bases for denying its requests for expedited processing. Plaintiff admits judicial review of "expedited processing is generally limited to the record before the agency at the time of its decision." Pl. Opp. at 7. It nevertheless asserts that "public events in recent days" support its request. *Id.* Citing to the reduction-in-force

of federal employees, Plaintiff maintains that its FOIA requests deserve expedited processing to obtain ARRPs approved by Defendants.  Pl. Opp. 8-11, 14-17.  This argument lacks merit, as it simply ignores Defendants' underlying rationale for rejecting Plaintiff's requests.

Under the law, "[w]hen an agency denies a request for expedited processing, the Court reviews the denial de novo."  *Heritage Found. v. CIA*, Civ. A. No. 23-3810 (TJK), 2025 WL 485406, *3 (D.D.C. Feb. 13, 2025) (citing *Al-Fayed v. CIA*, 254 F.3d 300, 304, 308 (D.C. Cir. 2001)).  Furthermore, that review must "be based on the record before the agency at the time of the determination."  *Id.* at *6 (quoting § 552(a)(6)(E)(iii) and citing *Al-Fayed*, 254 F.3d at 305). The "record before the agency" on April 1, 2025, when Defendants denied expedited processing, consisted of Plaintiffs' FOIA requests and its written justifications for expedited determinations. *See* Pl. Ex. 1 ("Expedited [FOIA] request" to OMB) (ECF No. 1 at 13-18); Ex. 2 ("Expedited [FOIA] request" to OPM) (ECF No. 1 at 20-25); Ex. 4 (additional letter to OMB to support expedited processing) (ECF No. 1 at 34-43); and Ex. 5 (additional letter to OPM to support expedited processing).  Additional records before the agencies included the February 26, 2025, Memorandum from OMB and OPM[2] and information on Defendants' staffing and the number of FOIA requests pending at the administrative level and in litigation.  *See* Declaration of Heather V. Walsh (OMB) (ECF No. 10-1); Declaration of Camille C. Aponte-Rossini (OPM) (ECF No. 10-2).

Based on the "record before the agenc[ies]," Defendants denied Plaintiff's requests for failure to establish that a denial would compromise any significantly recognized interest because

---

[2]    Russell T. Vought and Charles Ezell, "Guidance on Agency RIF and Reorganization Plans Requested by Implementing The President's 'Department of Government Efficiency' Workforce Optimization Initiative," Office of Management and Budget and Office of Personnel Management (Feb. 26, 2025), https://www.opm.gov/policy-data-oversight/latest-memos/guidance-on-agency-rif-and-reorganization-plans-requested-by-implementing-the-president-s-department-of-government-efficiency-workforce-optimization-initiative.pdf.

the agencies are still actively reviewing ARRPs submitted under Phase 1.  *See* Def. Mot. 4-5 (citing

Def. Ex. A (OMB Denial) (ECF No. 10-3), Ex. B (OPM Denial)  (ECF No. 10-4).  Defendants

also noted the  lack of personnel and resources, making expedited processing infeasible.  *Id.* at 4-5.

Plaintiff argues that the agencies cannot fire their employees and cite the lack of personnel

as a basis for denying its expedited processing request. Pl. Opp. 14-15.[3] This argument misses the

point and ignores the overwhelming volume of FOIA matters pending before Defendants. As

discussed in Defendants' Motion, beyond the lack of resources, Defendants are experiencing an

overwhelming number of FOIA matters, including those in litigation.  *See* Def. Mot. at 4-5 (citing

Walsh Decl. and Aponte-Rossini Decl.).  For example, OMB is currently handling approximately

1,900 pending FOIA requests.  Walsh Decl. ¶ 8.  In addition to Plaintiff's matter, the agency is

named in twelve other lawsuits to which it has to commit resources.  *Id.* ¶ 16.  OMB concludes

that completing Plaintiff's request by April 9, Plaintiff's requested completion date, is not viable.

*Id.* ¶ 18.

Similarly, OPM is processing 814 pending FOIA requests that have been logged in its

system.  Aponte-Rossini ¶ 13.  OPM received an additional 192 requests in February alone that

have not yet been logged into its case management system.  *Id.* ¶ 14. In total, OPM must grapple

with at least a total of 1,006 FOIA requests to date.  Courts in this District have generally affirmed

denial of expedited processing based on lack of resources, particularly in the context of a request

for preliminary injunction.  *See New York Times Co. v. Def. Health Agency*, Civ. A. No. 21-0566

---

[3]    Plaintiff argues that another judge in this District expressed skepticism that an agency can
avoid its obligations under the FOIA by firing its employees.  Pl. Opp. at 15 (citing *Ctr. to Advance
Sec. in Am. v. U.S. Agency for Int'l Dev.*, Civ. A. No. 24-3505 (RDM), 2025 WL 763735, at *2
(D.D.C. Mar. 11, 2025)).  A closer review of Judge Moss' order actually supports Defendants'
justification for denying Plaintiff's request, however.  Judge Moss suggested that "an unanticipated
volume of requests that has overwhelmed the demand for expedition" supports a denial of
expedited processing requests.  *Id.* at *2.

(BAH), 2021 U.S. Dist. LEXIS 78925, *25-27 (D.D.C. 2021) (noting that issuing the requested injunction would impose an extraordinary burden on defendants because the agencies are already facing significant challenges in keeping up with FOIA requests and litigation, and adding Plaintiff's request to the workload would force the agencies to shift their already strained resources toward fulfilling that particular request); *Daily Caller v. Dep't of State*, 152 F. Supp. 3d 1, 15 (D.D.C 2015) (in denying preliminary injunction, noting that "forcing the agency to produce all requested records on an impracticably brief deadline raises a significant risk of harm to the public and private interests served by the thorough processing of responsive agency records prior to their ultimate production.  At the same time, the plaintiff's effort to accelerate review of its requests necessarily will displace in processing priority those of third parties who submitted equally urgent requests before the plaintiff.").  Applying the law to the facts here, the Court should affirm Defendants' denial of Plaintiff's requests for expedited processing.

If Plaintiff is also seeking expedited release of records, its cited authorities do not support that request.  Pl. Opp. 11 (citing cases).  In *Protect Democracy Project, Inc. v. Department of Defense*, 263 F. Supp. 3d 293 (D.D.C. 2017) (*Protect Democracy I*), plaintiff sued one month after submitting its FOIA requests and then sought a preliminary injunction two weeks after the agencies answered the complaint, seeking an order compelling defendants to process its FOIA requests on an expedited basis and produce all requested records.  Although the court granted plaintiff's request for expedited processing, the court denied plaintiff's request for an expedited release of the records because, among other reasons, plaintiff had not "identified a single imminent deadline related to its requests, or any event set to occur on a particular date."  *Id*. at 302.  The court then concluded that "it cannot be said, however, that there will be irreparable harm if the requested information is not released within, say, twenty days."  The court also noted that "requiring

production by a date certain, without any factual basis for doing so, might actually disrupt FOIA's expedited processing regime rather than implement it." *Id.* at 303. Like the plaintiff in *Protect Democracy I*, Plaintiff here has not identified a particular deadline by which the request records would be needed. And, as discussed in Defendant's dispositive motion, granting the expedition request here would disrupt the normal processing of FOIA requests by imposing a burden on the agencies and unfairly disadvantaging other FOIA requesters. Def. Mot. at 10-11 (citing cases).

Similarly, while in *Protect Democracy Project, Inc. v. Department of Justice*, 498 F. Supp. 3d 132, 144 (D.D.C. 2020) (*Protect Democracy II*), the court reversed the agency's denial of expedited processing, the court did not order any immediate production and instead required the parties to confer on the production of the responsive documents. In any event, Defendants have indicated that "approved RIF plans" do not exist (Walsh Decl. ¶ 23) (ECF No. 10-1) and Plaintiff is not seeking "RIF plans not approved" (Pl. P.I. Mot. at 13-14) (ECF No. 3-1). Thus, there is nothing for Defendants to release.

## II.    Plaintiff's FOIA Complaint Is Subject To Dismissal for Failure To Exhaust Administrative Remedies

Plaintiff's Opposition maintains that it filed suit only because Defendants failed to respond to its requests for expedited processing within ten days and not because the agencies failed to respond to its FOIA requests. Pl. Opp. at 16. Yet, in addition to seeking expedited processing, Plaintiff's Complaint also sought production of RIF and reorganization plans submitted to OMB and OPM, as set forth in the FOIA requests. *See* Pl. Request for Relief, Compl. at 10 (ECF No. 1). Plaintiff's preliminary injunction motion took matters one step further and specifically sought production of "those RIF plans that Defendants have approved with rolling productions thereafter." Pl. P.I. Mot. at 2 (demanding "agency RIF plans already approved by Defendants OMB and OPM"); *see also id.* at 13 (demanding "production by a date certain of only *approved* RIF plans")

(emphasis in original).  Plaintiff's Opposition now seeks production of "effectively approved" plans.  *See* Pl. Opp. at 10 (Plaintiff "respectfully requests that the Court treat its motion as seeking plans that have been effectively approved such that they are already being carried out" by various agencies); at 17 ("it now seeks RIF plans that have been effectively approved by Defendants."); "Revised" Proposed Order (ECF No. 17-2) (proposing an order that Defendants produce to "Plaintiff the subset of responsive records that are so-called 'Phase 1' reduction in force ('RIF') plans that Defendants have approved"). It is ironic that Plaintiff's preliminary injunction motion and Opposition seek "approved plans" when Plaintiff readily admits that the RIF plans are "getting close" to being finalized and not yet approved.  Pl. Opp. at 6 ("A White House official reportedly said that the Administration was 'getting close' to finalizing its RIF plans and renewed the deferred resignation offer 'to get that final number of RIF people'".).

In any event, Plaintiff's filings reveal its true intent – Plaintiff is not just seeking expedited processing, it now seeks an order requiring Defendants to respond to its FOIA requests.  Yet Plaintiff's Opposition conspicuously fails to refute Defendants' argument that its lawsuit is subject to dismissal for failure to exhaust administrative remedies because Plaintiff filed suit before the twenty-business-day statutory deadline expired. Def. Mot. at 10-11 (arguing that Defendants have until April 9, 2025, to respond to Plaintiff's FOIA requests submitted on March 12, 2025). Thus, Plaintiff conceded these arguments and the Court should simply dismiss this case.  *See Wannall v. Honeywell, Inc.*, 775 F.3d 425, 428 (D.C. Cir. 2014) ("The rule is understood to mean that if a party files an opposition to a motion and therein addresses only some of the movant's arguments, the court may treat the unaddressed arguments as conceded.").

Plaintiff attempts to sidestep the prematurity of its lawsuit by arguing that requiring Defendants to produce "approved plans," or, now, "effectively approved" plans, will not implicate

the deliberative process privilege under Exemption 5 and there is no foreseeable harm to any release of the records. Pl. Opp. at 12-14. This argument is putting the cart before the horse. As an initial matter, Plaintiff cannot amend its Complaint through its briefs now to seek productions of "approved plans" when neither its FOIA requests nor its Complaint sought such records. *See, e.g., Singh v. District of Columbia*, 55 F. Supp. 3d 55, 70 (D.D.C. 2014) (a plaintiff cannot amend his complaint through an opposition brief); *Kingman Park Civic Ass'n v. Gray*, 27 F. Supp. 3d 142, 160 n.7 (D.D.C. 2014) (pleadings may not be amended by briefs submitted in opposition to motion to dismiss); *McManus v. District of Columbia*, 530 F. Supp. 2d 46, 74 n.25 (D.D.C. 2007) (same).

Even if Plaintiff's last-minute amendment were permissible, Plaintiff's FOIA Complaint is still premature for failure to exhaust administrative remedies. Plaintiff submitted its FOIA requests on March 12, 2025. *See* Pl.'s Exhs. 1 and 2. Twenty business days later is April 9, 2025. Plaintiff filed suit on March 23, 2025, at least thirteen days fewer than the required twenty business days after submitting any of its FOIA requests.

Before seeking judicial review of a FOIA request in federal court, a requestor must have first exhausted administrative remedies. *See Wilbur v. CIA*, 355 F.3d 675, 676 (D.C. Cir. 2004) (exhaustion of administrative remedies is "a mandatory prerequisite" to a FOIA lawsuit); *Hidalgo v. FBI*, 344 F.3d 1256, 1259 (D.C. Cir. 2003) (FOIA's administrative scheme "requires each requestor to exhaust administrative remedies" prior to filing suit); *Stebbins v. Nationwide Mut. Ins. Co.*, 757 F.2d 364, 366 (D.C. Cir. 1985) ("Exhaustion of [administrative] remedies is required under [FOIA] before a party can seek judicial review."). Therefore, as a mandatory prerequisite to filing a FOIA lawsuit, a core question is whether the requestor has exhausted administrative remedies for the request at the time the lawsuit seeking judicial review of the request is filed. If

the lawsuit seeks judicial review of an unexhausted request, the exhaustion defect acts as a bar to judicial review of the request.  *See, e.g.*, *Hidalgo*, 344 F.3d at 1259 (failure to exhaust a request generally acts "as a bar to judicial review" under FOIA); *Stebbins*, 757 F.2d at 366 (affirming dismissal of FOIA action because the requestor failed to exhaust administrative remedies before seeking judicial review).

If the agency does not issue a determination in response to a FOIA request by the deadline set by statute, the requestor is deemed to have fulfilled the administrative exhaustion requirement—which is called "constructive exhaustion."  5 U.S.C. § 552(a)(6)(C)(i); *Machado Amadis v. Dep't of State*, 971 F.3d 364, 372 (D.C. Cir. 2020) ("[A] requester is 'deemed to have exhausted his administrative remedies' if the agency fails to comply with applicable statutory time limits." (quoting 5 U.S.C. § 552(a)(6)(C)(i))).

To constructively exhaust a FOIA request, Defendants here must have failed to comply with the applicable time limits, but here the pleadings do not support such a claim as to Plaintiff's March 12 FOIA requests.  OMB and OMP had until April 9, 2025, to make the determinations in response to these requests.  Thus, when Plaintiff sued on March 23, 2025, this was before the agencies' determinations were even due.

Courts "must decline to decide the merits of an unexhausted FOIA claim when the plaintiff fails to comply with procedures for administrative review, denying the agency an opportunity to review its initial determination, apply its expertise, correct any errors, and create an ample record in the process."  *Nat'l Sec. Couns. v. CIA*, 931 F. Supp. 2d 77, 99 (D.D.C. 2013) (following this "clear principle" from *Hidalgo*, 344 F.3d at 1256, and *Wilbur*, 355 F.3d at 676); *Khine v. Dep't of Homeland Sec.*, 334 F. Supp. 3d 324, 334 (D.D.C. 2018) (same), *aff'd*, 943 F.3d 959 (D.C. Cir. 2019); *Rosenberg v. Dep't of Immigr. & Customs Enf't*, 956 F. Supp. 2d 32, 40 (D.D.C. 2013)

(same).  Because failure to exhaust acts as a judicial bar to review, the Court instead should dismiss

the case as to the unexhausted FOIA requests.  Indeed, that is the very outcome that another Judge

of this Court recently ordered in a case where a FOIA plaintiff brought suit just one day early:

> [O]ne purpose of exhaustion is to deter requesters from suing prematurely in order
> to give the agency and requester a chance to resolve or narrow their disputes
> without burdening federal courts.  *See Hidalgo v. FBI*, 344 F.3d 1256, 1259 (D.C.
> Cir. 2003); *Oglesby v. Dep't of Army*, 920 F.2d 57, 61 (D.C. Cir. 1990).  Although
> Plaintiffs came close to being "deemed to have exhausted [their] administrative
> remedies" under 5 U.S.C. § 552(a)(a)(6)(C)(i), their suit is still premature under the
> plain terms of the statute.  As "[e]very premature filing of an action under the
> [statute] imposes some burden on the judicial system," "[t]he interest in orderly
> administration of this body of litigation is best served by adherence to [that]
> straightforward statutory command."  *McNeil v. United States*, 508 U.S. 106, 112
> (1993).

*Heritage Found. v. Dep't of Just.*, 719 F. Supp. 3d 95, 98–99 (D.D.C. 2024).

Importantly, exhaustion is not determined by the amount of time that has cumulatively

elapsed since a FOIA request was submitted to and received by an agency.  To the contrary, it

focuses on the question of whether the requestor had exhausted administrative remedies at the time

it initially seeks judicial review of the FOIA request.  Because "a FOIA requester must exhaust

administrative . . . remedies before seeking judicial redress," *Machado Amadis*, 971 F.3d at 372,

events that occur after the requester has already filed suit necessarily have no bearing on whether

the requestor exhausted administrative remedies, *see Hidalgo*, 344 F.3d at 1258 ("Exhaustion of

administrative remedies is generally required before filing suit"); *Stebbins*, 757 F.2d at 366

(affirming dismissal of FOIA claim for failure to exhaust remedies "before bringing suit"); *Wisdom

v. Tr. Program*, 232 F. Supp. 3d 97, 114 (D.D.C. 2017) ("Constructive exhaustion is determined

by the actions (or lack thereof) an agency has taken by the time a suit is filed in the district court.");

*Heritage Found.*, 719 F. Supp. 3d at 98 (explaining that the fact that the complaint's "summonses

were issued after the twentieth day" "does not change the fact that Plaintiffs had not satisfied the

exception's requirement at the time they filed suit—the relevant time period for the exhaustion inquiry").

The operative time for purposes of determining exhaustion in a FOIA matter is when the lawsuit was filed. *Heritage Found.*, 719 F. Supp. 3d at 98. This is like how exhaustion of administrative remedies is also determined under other federal statutes. *See, e.g.*, *McNeil v. United States*, 508 U.S. 106, 113 (1993) (Federal Tort Claims Act ("FTCA")); *Jackson v. District of Columbia*, 254 F.3d 262, 269 (D.C. Cir. 2001) (Prisoner Litigation Reform Act ("PLRA")); *Marshall v. Fed. Exp. Corp.*, 130 F.3d 1095, 1098 (D.C. Cir. 1997) (Americans With Disabilities Act); *Bowden v. United States*, 106 F.3d 433, 437 (D.C. Cir. 1997) (Title VII); *see also TIG Ins. Co. v. Republic of Argentina*, 967 F.3d 778, 783 (D.C. Cir. 2020) ("Because litigation proceeds based on facts as alleged in a complaint, it makes sense that the time the complaint is filed is the presumptive temporal touchstone.").

In *McNeil*, 508 U.S. at 112, for example, the Supreme Court held that an FTCA plaintiff who sued before the agency had denied his claim did not exhaust his administrative remedies even though the agency later denied his claim after suit was filed. As the Court explained in terms that apply with equal force under FOIA, "[e]very premature filing of an action under the FTCA imposes some burden on the judicial system and on the Department of Justice which must assume the defense of such actions." *Id.* (citation omitted). "Although the burden may be slight in an individual case, the statute governs the processing of a vast multitude of claims." *Id.* "The interest in orderly administration of this body of litigation is best served by adherence to the straightforward statutory command." *Id.* The same is true under FOIA.

Here, by suing Defendants before the end of the twenty-working-day period to which OMB and OPM were entitled as to the March 12 FOIA requests, Plaintiff sought to induce "premature

interference with agency processes." *Wilbur*, 355 F.3d at 677. Just as a "premature appeal" does "not promote the purposes of the exhaustion doctrine," *Hidalgo*, 344 F.3d at 1259, a premature lawsuit cannot be allowed to stand. By suing prematurely, Plaintiff deprived the agencies of an opportunity to bring their "experience and expertise" to bear on the matter at hand, and, perhaps more importantly, Plaintiff attempts to leapfrog in front of other FOIA requestors lacking its legal acumen who await decisions on their pending requests. *Wilbur*, 355 F.3d at 677.

To the extent Plaintiff may wonder why Defendants care about enforcing FOIA's terms, in fact the need to enforce FOIA's statutory exhaustion requirement is more crucial than ever in light of the ever-growing number of FOIA lawsuits filed in this District and the rush to the courthouse that occurred here and occurs in so many other cases. "Court dockets in this district overflow with [FOIA] matters." *Am. Ctr. for L. & Just. v. Dep't of Homeland Sec.*, 573 F. Supp. 3d 78, 79 (D.D.C. 2021); *see also id.* at 83 (observing that this district's "active FOIA cases . . . represent[ed] almost a quarter of the district's entire civil docket"). In this regard, Congress's exhaustion requirement serves a valid purpose and deserves to be treated with due respect.

## CONCLUSION

For the foregoing reasons and those in Defendant's Motion to Dismiss, Defendants respectfully request that this Court dismiss the above-captioned case.

Dated: April 8, 2025
    Washington, DC

Respectfully submitted,

EDWARD R. MARTIN, JR., D.C. Bar #481866
United States Attorney

By:       /s/ *John C. Truong*
    JOHN C. TRUONG, D.C. Bar # 465901
    Assistant United States Attorney
    601 D Street, NW, Washington, DC 20530
    Tele: 202-252-2524
    *Attorneys for the United States of America*