IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DEMOCRACY FORWARD FOUNDATION,
P.O. Box 34553
Washington, D.C. 20043,

*Plaintiff*,

vs.

OFFICE OF PERSONNEL MANAGEMENT,
1900 E St NW, Washington, DC 20415

and

OFFICE OF MANAGEMENT AND BUDGET,
725 17th St NW, Washington, DC 20503

*Defendants*.

Case No. 25-cv-858-SLS

**FIRST AMENDEND COMPLAINT FOR INJUNCTIVE RELIEF**

Plaintiff Democracy Forward Foundation brings this action against Defendants Office of Personnel Management ("OPM") and Office of Management and Budget ("OMB") to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). Plaintiff alleges as follows:

**Jurisdiction and Venue**

1. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2.      Venue is proper under 28 U.S.C. § 1391(e), as Defendants' headquarters are located in Washington, D.C., within this district, and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here.

## Parties

3.      Plaintiff Democracy Forward Foundation ("Democracy Forward") is a not-for-profit organization incorporated under the laws of the District of Columbia and based in Washington, D.C. Plaintiff works to promote transparency and accountability in government, in part, by educating the public on government actions and policies. Democracy Forward is primarily engaged in disseminating information to the public, as public records it has obtained have been used in numerous media reports, and it disseminates information concerning government activities through blogs and investigations it makes publicly-available.[1] Democracy Forward intends to continue to post public records it receives and to disseminate information about those records through its own analysis and products, and through media outlets.

4.      Defendant OPM is a federal agency within the meaning of FOIA, 5 U.S.C. § 552(f)(1), and is headquartered in Washington, D.C.  OPM has possession, custody, and control of records to which Plaintiff seeks access.

5.      Defendant OMB is a federal agency within the meaning of FOIA, 5 U.S.C. § 552(f)(1), and is headquartered in Washington, D.C.  OMB has possession, custody, and control of records to which Plaintiff seeks access.

---

[1] *See* Democracy Forward, *Investigation*, https://democracyforward.org/work-category/investigation/; Democracy Forward, *Policy & Education*, https://democracyforward.org/work-category/research/.

**OMB and OPM Direct and Approve the Administration's "Large-Scale" RIF Firing Plans**

6. On February 26, 2025, OMB and OPM jointly issued a memorandum to the heads of all executive branch departments and agencies directing each agency to submit plans for "large-scale reductions in force" to OMB and OPM for approval by March 13, 2025.

7. The memorandum alleged, without citing evidence of any kind, that federal tax dollars were being "siphoned off to fund unproductive and unnecessary programs that benefit radial interest groups" and that the federal bureaucracy was "bloated" and "corrupt."

8. The memorandum also directed agencies to create and submit "Agency RIF [reduction in force] and Reorganization Plans" or "ARRPs" to "OMB and OPM for approval no later than March 13, 2025."[2]

9. These ARRPs were directed to focus on "agency cuts and reductions" including "the number of FTEs reduced" and a "list by job position of all positions categorized as essential for purposes of exclusion from large-scale RIFs."

10. The memorandum directed agencies to submit a second plan by April 14, 2025, to outline the plan for "more productive, effective" agency operations that would follow the mass reductions in force and being implemented by September 30, 2025.

11. That the agencies' supposed plans for effective operations would *follow* their plans for "large-scale reductions" in staff, and that all such actions would be completed within six months, makes plain that the administration has decided to carry out massive RIFs that will laying off tens or hundreds of thousands of civil servants at agencies throughout the federal

---

[2] Russell T. Vought and Charles Ezell, *Guidance on Agency RIF and Reorganization Plans Requested by Implementing The President's "Department of Government Efficiency" Workforce Optimization Initiative,"* Office of Management and Budget and Office of Personnel Management (Feb. 26, 2025), https://www.opm.gov/policy-data-oversight/latest-memos/guidance-on-agency-rif-and-reorganization-plans-requested-by-implementing-the-president-s-department-of-government-efficiency-workforce-optimization-initiative.pdf.

government with incredibly significant consequences not only for the newly unemployed, but for the federal agencies' continued ability to function.

12. Both President Trump's orders and the actions of the Administration to date further demonstrate that, following the submission and approval of these RIF plans, the Trump Administration will quickly conduct firings on an unprecedented scale that harm innumerable government functions.

13. The President's February 11, 2025, Executive Order, *Implementing The President's "Department of Government Efficiency" Workforce Optimization Initiative* directed agencies to undertake "large-scale reductions in force (RIFs)," so expansive that they could reach any component or employee "not typically designated as essential" during a government shutdown.[3]

14. And the Trump Administration's early actions to shutter or nearly-shutter entire government agencies—from the U.S. Agency for International Development to the Consumer Financial Protection Bureau—and mass firing of probationary employees demonstrate the speed with which the Administration make take actions of an extraordinary character to dramatically reduce the capacity of the federal government to function.[4]

---

[3] *Implementing The President's "Department of Government Efficiency" Workforce Optimization Initiative*, The White House, Feb. 11, 2025, https://www.whitehouse.gov/presidential-actions/2025/02/implementing-the-presidents-department-of-government-efficiency-workforce-optimization-initiative/.

[4] *See, e.g.*, Dana Goldstein and Sarah Mervosh, *"Are Schools Succeeding? Trump Education Department Cuts Could Make It Hard to Know,"* N.Y. Times, Mar. 12, 2025, https://www.nytimes.com/2025/03/12/us/education-department-cuts.html.Karoun Demirjian and Aishvarya Kavi, *Trump Administration to Lay Off Nearly All of U.S. Aid Agency's Staff*, N.Y. Times, Feb. 6, 2025, https://www.nytimes.com/2025/02/06/us/politics/usaid-job-cuts.html; Laurel Wamsley, *Up to 100 more workers are fired at CFPB as staff fear mass layoffs are looming*, NPR, Feb. 13, 2025, https://www.npr.org/2025/02/13/nx-s1-5296929/cfpb-layoffs-staff-trump-dogehttps://www.nytimes.com/interactive/2025/02/11/us/politics/trump-musk-doge-federal-workers.html.

15. Most recently, on March 11, 2025, The Trump Administration conducted an extraordinarily broad RIF at the Department of Education, which reduced the Department's staff by approximately 50 percent, with certain statutorily-created component agencies seeing staff reductions of close to 90 percent.[5]

16. In conducting these dramatic terminations with the potential to impact our nation's students, educators, researchers, parents, and our collective future, the Department released only a barebones statement that asserted that the Department would "continue to deliver on all statutory programs," but which failed to detail the extent of the cuts within the Department or to explain the reasoning behind such dramatic action to reduce the capacity of a Department relied on by millions.

17. Public reports still are merely piecing together the distribution of the Department of Education's cuts and guessing at the Administration's potential rationale.[6] The Department has not provided the American public it serves with this basic information.

18. There is every reason to believe that, following OMB and OPM's approval of the "large-scale" RIF plans they have demanded from agencies across the government that this scenario will repeat itself again and again. As a consequence, without the release of key information about the Administration's decisions, the public will be in the dark as the capacity of agencies on which the public relies is eviscerated in rapid fire fashion.

19. Indeed, the Administration's actions since this suit was initiated have confirmed that large-scale terminations are continuing and are likely to be carried out soon at a number of

---

[5] Arthur Jones II and Rachel Scott, *Department of Education lays off nearly 50% of its workforce*, ABC News, Mar. 11, 2025, https://abcnews.go.com/US/department-education-faces-50-layoffs-after-closure-notice/story?id=119690524; Jill Barshay, *Chaos and confusion as the statistics arm of the Education Department is reduced to a skeletal staff of 3*, Hechinger Report, Mar. 14, 2025, https://hechingerreport.org/proof-points-chaos-confusion-statistics-education/.
[6] *Id.*

large agencies. The Department of Health and Human Services conducted a reduction in force on a large-scale on April 1, 2025. And the Departments of Defense, Agriculture, Energy, Housing and Urban Development, Labor, and Transportation, and the General Services and Small Business Administrations have all re-opened deferred resignation programs with end dates in mid-April. These agencies have often referred to coming "involuntary" terminations or imminent "reductions in force" in communicating these deferred resignation offers to employees.[7]

### Democracy Forward's FOIA Requests

20. To shed light on the Administration's actions Democracy Forward filed FOIA requests to Defendants OPM and OMB seeking the Administration's ARRP plans for dramatic reductions of the federal workforce and, from OPM, for communications related to these plans.[8]

21. In filing these requests, Democracy Forward sought expedited processing on the basis that there was a compelling need for the requested information in order to inform the public about the actions the Administration has decided to take that will affect the functioning of hundreds of agencies across the federal government. Exhibits ("Exs.") 1-3.

22. The requests for expedited processing further stated that there was not only an extraordinary need to inform the public, but that there was a current exigency as these

---

[7] *See* Drew Friedman, *As RIFs get underway, several agencies renew deferred resignation offers*, Fed. News Network (Apr. 1, 2025), https://federalnewsnetwork.com/workforce/2025/04/as-rifs-get-underway-several-agencies-renew-deferred-resignation-offers/ [https://perma.cc/RR9F-UZTX]; Dep't of Hous. & Urb. Dev. (@HUDgov), X/Twitter (Mar. 31, 2025, 5:20 PM ET), https://x.com/HUDgov/status/1906818891176645028 [https://perma.cc/GC77-5LEW]; Anastasia Obis, *DoD reopens deferred resignation program, offers early retirements*, Fed. News Network (Mar. 31, 2025), https://federalnewsnetwork.com/defense-main/2025/03/dod-reopens-deferred-resignation-program-offers-early-retirements/ [https://perma.cc/4RPY-NYL2].

[8] Democracy Forward submitted these requests close to the time at which agencies were required to submit their plans to ensure that Defendants' search cut-off dates for responsive records would include all plans submitted through March 13, 2025.

terminations could happen quickly, with workers laid off after as little as 30 days following the issuance of notice.

 23. Further, in requesting expedited processing Democracy Forward explained:

> By the Administration's *own* description these actions carry enormous public importance as they stand to "commence[] a critical transformation of the Federal bureaucracy." There is an urgent need to know the character of the "critical" transformation the Administration has decided to undertake. Press coverage on efforts to draft the Phase 1 report have noted concerns that, in addition to the time and resource consuming nature of conducting RIFs, those who are drafting such cuts are unsure of how the cuts should be made. A lack of guidance leaves uncertainty about what priorities should not be cut, which could impact the ability of agencies to fulfill their mission and protect the mechanism that works to ensure our government is without corruption and with competence. And the Administration's dramatic "large scale" reductions in force have the potential to impact the services millions of Americans rely on. This is a matter of current exigency, as once RIFs are issued there will be only 60 days, and potentially as little as 30 days, before federal workers are laid off. The public needs access to the ARRPs as soon as possible and well in advance of the final effect of these plans. The American people and those non-political civil servants who do this crucial work must have insight into how agencies plan to reduce their workforce and how such reductions will make extensive changes to government functions and essential services.

Exs. 1-3.

 24. Democracy Forward further certified its primary engagement in disseminating information, citing to numerous news articles in which records obtained by Democracy Forward under public records laws have been used to inform the public.

 25. On March 21, 2025, in light of continuing developments indicating that large scale mass firings under the ARRP RIF plans were already occurring and more were imminent, Democracy Forward supplemented its request for expedited processing of its requests for the RIF plans citing substantial additional news coverage of dramatic personnel actions the Administration had taken in the interim and explaining:

> The need for our requested information concerning the Administration's RIF plans has only become more urgent since submitting our request. The Administration has continued to engage in mass layoff actions, indicating that these RIF plans have already begun to be put into effect and "will result in the firing of thousands of government workers in the *coming weeks"* while the public that Democracy Forward seeks to serve remains in the dark.
>
> Exs. 4, 5.

*OMB Agency RIF and Reorganization Plans Request (# 2025-1131)*

26. On March 12, 2025, Democracy Forward sent a FOIA request to OMB, which sought expedited processing given the compelling need for the information, for the following:

> All Agency RIF and Reorganization Plans ("ARRPs") submitted to OMB (at workforce@omb.eop.gov or otherwise) by heads and acting heads of departments and agencies as required by OMB Director Vought and OPM Acting Director Ezell's February 26, 2025 memorandum titled "Guidance on Agency RIF and Reorganization Plans Requested by Implementing The President's 'Department of Government Efficiency' Workforce Optimization Initiative".

27. The request sought records from February 1, 2025, through the date of the search.

28. On March 25, 2025, OMB acknowledged this request, assigning it tracking number 2025-1131.

29. On April 1, 2025, OMB denied Democracy Forward's expedited processing request.

30. Democracy Forward has not received a determination or production of responsive records from OMB in response to this request.

*OPM Agency RIF and Reorganization Plans Request (#25-OPM-1201-F)*

31. Also March 12, 2025, Democracy Forward sent a FOIA request to OPM, which sought expedited processing given the compelling need for the information, for the following:

> All Agency RIF and Reorganization Plans ("ARRPs") submitted to OPM (at tracking@opm.gov or otherwise) by heads and acting heads of departments and agencies as required by OMB Director Vought and OPM Acting Director Ezell's February 26, 2025 memorandum titled "Guidance on Agency RIF and Reorganization Plans Requested by Implementing The President's 'Department of Government Efficiency' Workforce Optimization Initiative".

32. The request sought records from February 1, 2025, through the date of the search.

33. On April 1, 2025, OPM acknowledged this request, assigning it tracking number 25-OPM-1201-F, and denied Democracy Forward's expedited processing request.

34. Democracy Forward has not received a determination or production of responsive records from OPM in response to this request.

*OPM RIF Plan and Leadership Communications Request (#25-OPM-1202-F)*

35. Also on March 12, 2025, which sought expedited processing given the compelling need for the information, Democracy Forward sent a FOIA request to OPM seeking the following:

> 1) All electronic communications (including emails, email attachments, complete email chains, calendar invitations, calendar invitation attachments, text messages, or messages on messaging platforms) of Acting Director Ezzell, Chief of Staff Amanda Scales, Senior Advisor Brian Bjelde, Senior Advisor Roccardo Biasini, and/or Senior Advisor Noah Peters, regarding the development, approval, and implementation of ARRPs, including directives and guidance sent to other agencies.
>
> 2) All electronic communications (including emails, email attachments, complete email chains, calendar invitations, calendar invitation attachments, text

messages, or messages on messaging platforms) between (1) any OPM officials listed below (or otherwise affiliated with) the Department of Government Efficiency ("DOGE") (also known as the U.S. "DOGE" (previously "Digital") Service), and (2) Elon Musk, or any representatives of Elon Musk or DOGE , or any representatives of the Executive Office of the President (including, but not limited to, emails ending in eop.gov).

Specified Officials:
  i. Acting Director Charles Ezell
  ii. Chief of Staff Amanda Scales
  iii. Anyone serving in the role of Deputy Director or Acting Deputy Director
  iv. Retirement Services Associate Director Margaret Pearson
  v. Workforce Policy and Innovation Associate Director Veronica Hinton
  vi. Human Resources Solutions Associate Director Dianna Saxman
  vii. Merit System Accountability and Compliance Acting Director Ana Mazzi
  viii. General Counsel Andrew Kloster
  ix. Senior Advisor Anthony Armstrong
  x. Senior Advisor Riccardo Biasini
  xi. Senior Advisor Brian Bjelde
  xii. Senior Advisor Noah Peters
  xiii. Chief Information Officer Greg Hogan
  xiv. Director of Communications McLaurine Pinover
  xv. Human Resources Staffer Stephanie Holmes
  xvi. Human Resource Staffer Chirstina Hanna
  xvii. Human Resources Staffer Stephen Duarte
  xviii. Human Resources Staffer Bryanne-Michelle Mlodzianowski
  xix. Policy Analyst Joanna Wischer
  xx. Expert Justin Monroe
  xxi. Jacob Altik
  xxii. Austin Raynor
  xxiii. Edward Coristine
  xxiv. Akash Bobba
  xxv. Gavin Kliger
  xxvi. Nikhil Rajpal

36. On April 1, 2025, OPM acknowledged this request, assigning it tracking number 25-OPM-1202-F, and denied Democracy Forward's expedited processing request.

10

37. Democracy Forward has not received a determination or production of responsive records from OPM in response to this request.

38. In submitting all three of the above FOIA requests, Democracy Forward requested fee waivers in light of the public interest in disclosure of the requested information. Defendants have not provided Democracy Forward with a determination on its fee waiver requests.

*Exhaustion of Administrative Remedies*

39. As of the date of the Complaint, Defendants have failed to make determinations and produce non-exempt portions of records responsive to Democracy Forward's requests. Through Defendants' failure to respond to Democracy Forward's requests, Democracy Forward has constructively exhausted administrative remedies.

## CLAIM FOR RELIEF

### Count 1 (Violation of FOIA, 5 U.S.C. § 552, Failure to Grant Expedited Processing and to Issue Determinations and Produce Non-Exempt Portions of Responsive Records)

40. Plaintiff incorporates by reference the foregoing paragraphs as though fully set forth herein.

41. By failing to grant Plaintiff's requests for expedited processing on Plaintiff's FOIA requests concerning matters of urgent national concern, Defendants have violated FOIA. 5 U.S.C. § 552(a)(6)(E)(iii).

42. By failing to respond to Plaintiff's requests with determinations within the statutorily-mandated time period, Defendants have violated their duties under 5 U.S.C.§ 552, including but not limited to, their duties to conduct a reasonable search for responsive records, to take reasonable steps to release all nonexempt information, and to not withhold responsive records.

## REQUEST FOR RELIEF

11

WHEREFORE, Plaintiff requests that this Court:

1. Order Defendants to conduct searches for any and all responsive records to Plaintiff's FOIA requests using search methods reasonably calculated to lead to discovery of all responsive records;

2. Order Defendants to produce, by a date certain, any and all non-exempt responsive records and a *Vaughn* index of any responsive records withheld under a claim of exemption;

3. Enjoin Defendants from continuing to withhold any and all non-exempt responsive records;

4. Order Defendants to grant Plaintiff's requests for expedited processing and to process Plaintiff's requests on an expedited basis by providing Plaintiff, as soon as practicable, with a determination and non-exempt portions of the requested records by producing those records within the time period required by the statute—by April 9, 2025—or else within seven days of the Court's order.

5. Award Plaintiff its costs, attorneys' fees, and other disbursements for this action; and

6. Grant any other relief this Court deems appropriate.

Dated: April 10, 2025                                  Respectfully submitted,

/s/ *Daniel A. McGrath*

Daniel A. McGrath (D.C. Bar No. 1531723)
Robin F. Thurston (Bar No. 7268942)
Democracy Forward Foundation
P.O. Box 34553
Washington, D.C. 20043
(202) 448-9090
dmcgrath@democracyforward.org
rthurston@democracyforward.org