UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DEMOCRACY FORWARD FOUNDATION,<br><br>       Plaintiff,<br><br>   v.<br><br>OFFICE OF PERSONNEL MANAGEMENT,<br>et al.,<br><br>       Defendants. | Civil Action No. 25-858 (SLS) |

## ANSWER

Defendants, Office of Personnel Management ("OPM") and Office of Management and Budget ("OMB") (collectively, "Defendants"), by and through undersigned counsel, respectfully submit the following Answer to Plaintiff Democracy Forward Foundation's First Amended Complaint (ECF No. 22) under the Freedom of Information Act ("FOIA"). All allegations not specifically admitted, denied, or otherwise responded to below are hereby denied. Defendants respectfully refer the Court to all referenced external documents, statutes, or other sources as the best evidence of their contents. Moreover, to the extent that the First Amended Complaint refers to or quotes from external documents, statutes, or other sources, such references are not intended to be, and should not be construed to be, an admission that the cited materials: (a) are correctly cited or quoted by Plaintiff; (b) are relevant to this, or any other, action; or (c) are admissible in this, or any other, action. Moreover, Defendants reserve the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the First Amended Complaint become known to the Defendants through the course of this litigation. Defendants respond to the separately numbered paragraphs as follows:

## FIRST AMENDED COMPLAINT[1]

The introductory paragraph consists of Plaintiff's characterization of this action to which no response is required. To the extent a response is required, Defendants admit that Plaintiffs filed this action pursuant to the FOIA, and that the Complaint seeks to compel production of records in response to three FOIA requests to Defendants. Defendants deny any remaining allegations.

## JURISDICTION AND VENUE

1. This paragraph consists of legal conclusions regarding jurisdiction, to which no response is required. To the extent a response is required, Defendants admit that this Court has jurisdiction subject to the terms and conditions of FOIA and pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C.§ 1331.

2. This paragraph consists of legal conclusions regarding venue, to which no response is required. To the extent a response is required, Defendants admit that venue is proper in this District for a properly pled FOIA action pursuant to 28 U.S.C. § 1391(e).

## PARTIES

3. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

4. This paragraph consists of legal conclusions, to which no response is required. To the extent a response is required, Defendants admit that OPM is an "agency" within the meaning of 5 U.S.C. § 552(f)(1), and OPM is headquartered in Washington, D.C., and OPM has possession, custody, and control of records responsive to Plaintiff's FOIA requests.

---

[1] For ease of reference, the Answer replicates the headings and titles contained in the First Amended Complaint, but to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

2

5. This paragraph consists of legal conclusions, to which no response is required. To the extent a response is required, Defendants admit that OMB is an "agency" within the meaning of 5 U.S.C. § 552(f)(1), and that OMB is headquartered in Washington, D.C., and that OMB has possession, custody, and control of records responsive to Plaintiff's FOIA requests.

**OMB and OPM Direct and Approve the Administration's "Large-Scale" RIF Firing Plans**

6. Defendants admit.

7. Paragraph 7 consists of Plaintiff's characterization of a memorandum to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to the memorandum for a complete and accurate statement of its contents and otherwise denies any allegations inconsistent therewith.

8. Paragraph 8 consists of Plaintiff's characterization of a memorandum to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to the memorandum for a complete and accurate statement of its contents and otherwise denies any allegations inconsistent therewith.

9. Paragraph 9 consists of Plaintiff's characterization of a memorandum to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to the memorandum for a complete and accurate statement of its contents and otherwise denies any allegations inconsistent therewith.

10. Paragraph 10 consists of Plaintiff's characterization of a memorandum to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to the memorandum for a complete and accurate statement of its contents and otherwise denies any allegations inconsistent therewith.

11. Paragraph 11 consists of Plaintiff's characterization of a memorandum to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to the memorandum for a complete and accurate statement of its contents and otherwise denies any allegations inconsistent therewith.

12. Paragraph 12 consists of Plaintiff's interpretations of executive orders and official Administration acts, to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to those referenced documents for a complete and accurate statement of its contents and otherwise denies any allegations inconsistent therewith

13. Paragraph 13 consists of Plaintiff's characterization of an Executive Order, to which no response is required.  To the extent a response is required, Defendants respectfully refer the Court to the Executive Order for a complete and accurate statement of its contents and otherwise denies any allegations inconsistent therewith.

14. Paragraph 14 consists of Plaintiff's characterization of a newspaper article, to which no response is required.  To the extent a response is required, Defendants respectfully refer the Court to cited newspaper article for a complete and accurate statement of its contents and otherwise denies any allegations inconsistent therewith

15. Paragraph 15 consists of Plaintiff's characterization of news articles, to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to the news articles cited for a complete and accurate statement of their contents and otherwise denies any allegations inconsistent therewith.

16. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

17. Paragraph 17 consists of Plaintiff's characterization of news articles, to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to the news articles cited for a complete and accurate statement of their contents and otherwise denies any allegations inconsistent therewith.

18. Paragraph 18 consists of Plaintiff's own conclusions and characterizations of any perceived public interests, to which no response is required.

19. Paragraph 19 consists of Plaintiff's own conclusions and characterizations of any perceived public interests, to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to the referenced news articles for a complete and accurate statement of their contents and otherwise denies any allegations inconsistent therewith.

### Democracy Forward's FOIA Requests

20. Defendants admit FOIA requests were filed but are without knowledge or information sufficient to form a belief as to the reasons in filing their FOIA requests.

21. Defendants admit Plaintiffs sought expedited processing of their FOIA requests. Defendants respectfully refer the Court to the Plaintiff's requests for a complete and accurate statement of their contents and otherwise denies any allegations inconsistent therewith.

22. This paragraph contains Plaintiff's characterization of its FOIA requests, and Defendants respectfully direct the Court to the requests for full and accurate statements of their contents, and deny any allegations inconsistent with them.

23. This paragraph contains Plaintiff's characterization of its FOIA requests, and Defendants respectfully direct the Court to the requests for full and accurate statements of their contents, and deny any allegations inconsistent with them.

24. This paragraph contains Plaintiff's characterization of its FOIA requests, and Defendants respectfully direct the Court to the requests for full and accurate statements of their contents, and deny any allegations inconsistent with them.

25. Defendants admit Plaintiff supplemented its requests for expedited processing. This paragraph, however, contains Plaintiff's characterization of its FOIA requests, and Defendants respectfully direct the Court to the requests for full and accurate statements of their contents, and deny any allegations inconsistent with them.

*OMB Agency RIF and Reorganization Plans Request (#2025-1131)*

26. This paragraph contains Plaintiff's characterization of its FOIA requestto OMB, and OMB respectfully directs the Court to the requests for full and accurate statements of their contents, and denies any allegations inconsistent with them. OMB admits that Plaintiff requested Expedited Process for these requests.

27. This paragraph contains Plaintiff's characterization of its FOIA request to OMB, and OMB respectfully directs the Court to the requests for full and accurate statements of their contents, and denies any allegations inconsistent with them.

28. OMB admits.

29. OMB admits.

30. OMB admits.

*OPM Agency RIF and Reorganization Plans Request (#25-OPM-1201-F)*

31. This paragraph contains Plaintiff's characterization of its FOIA requests to OPM, and OPM respectfully directs the Court to the requests for full and accurate statements of their contents, and denies any allegations inconsistent with them. OPM admits that Plaintiff requested Expedited Process for these requests.

32. This paragraph contains Plaintiff's characterization of its FOIA requests, and OPM respectfully directs the Court to the requests for full and accurate statements of their contents, and denies any allegations inconsistent with them.

33. OPM admits.

34. OPM admits.

*OPM Agency RIF and Leadership Communications Request (#25-OPM-1202-F)*

35. This paragraph contains Plaintiff's characterization of its FOIA requests to OPM, and OPM respectfully directs the Court to the requests for full and accurate statements of their contents, and denies any allegations inconsistent with them. Defendants admit that Plaintiff requested Expedited Process for these requests.

36. OPM admits.

37. OPM admits.

38. OPM admits.

*Exhaustion of Administrative Remedies*

39. This paragraph constitutes legal conclusions, to which no response is required.

### CLAIM FOR RELIEF

**Count 1 (Violation of FOIA, 5 U.S.C. § 552, Failure to Grant Expedited Processing and to Issue Determinations and Produce Non-Exempt Portions of Responsive Records)**

40. Defendants reallege and reincorporate their responses to paragraphs 1-39 of the First Amended Complaint.

41. This paragraph constitutes legal conclusions, to which no response is required. To the extent a response is required, Defendants deny.

42. This paragraph constitutes legal conclusions, to which no response is required. To the extent a response is required, Defendants deny.

## REQUESTED RELIEF

The remainder of the First Amended Complaint consists of Plaintiff's Requested Relief, to which no response is required. To the extent that a response is deemed required, Defendants deny the allegations in the Requested Relief, and deny that Plaintiff is entitled to any of the relief requested or to any relief whatsoever.

## DEFENSES

Defendants allege the following additional defenses to the Complaint. In asserting these defenses, Defendants do not assume the burden to establish any fact or proposition where that burden is properly imposed upon Plaintiff. Defendants reserve the right to amend, alter, and supplement the defenses contained in this Answer as facts and circumstances giving rise to this Complaint become known to Defendants through the course of this litigation.

## FIRST DEFENSE

This Court lacks subject matter jurisdiction over any of Plaintiff's requests for relief that exceed the relief authorized by FOIA. *See* 5 U.S.C. § 552.

## SECOND DEFENSE

To the extent the agency has potentially responsive records, Plaintiff is not entitled to compel the production of any record or portion of any record exempt from disclosure by one or more exemptions enumerated in the FOIA, *see* 5 U.S.C. § 552(b), or the Privacy Act, 5 U.S.C. § 552a, or which is excluded by law from release.

## THIRD DEFENSE

Plaintiff is neither eligible for nor entitled to attorney's fees or costs in this matter.

## FOURTH DEFENSE

Plaintiff is not entitled to declaratory relief. *See* 5 U.S.C. § 552(a)(4)(B).

**FIFTH DEFENSE**

Plaintiff's request fails to comply with the requirements of FOIA because it fails to reasonably describe the records sought and imposes an undue burden.

Dated: April 24, 2025
   Washington, DC

Respectfully submitted,

EDWARD R. MARTIN, JR., D.C. Bar #481866
United States Attorney

By:    /s/ *John C. Truong [draft]*
   JOHN C. TRUONG, D.C. Bar # 465901
   Assistant United States Attorney
   601 D Street, NW
   Washington, DC 20530
   (202) 252-2524
   John.Truong@usdoj.gov

*Attorneys for the United States of America*