UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DEMOCRACY FORWARD FOUNDATION,<br><br>    Plaintiff,<br><br>  v.<br><br> OFFICE OF PERSONNEL MANAGEMENT,<br>et al.,<br><br>    Defendants. | Civil Action No. 25-0858 (SLS) |

## <u>NOTICE IN RESPONSE TO MINUTE ORDER DATED JUNE 29, 2026</u>

Defendants, by and through undersigned counsel, provide this response to the Court's Minute Order dated June 29, 2026.

On June 29, 2026, Defendants filed a consent motion to extend the summary judgment briefing schedule in this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. *See* ECF No. 40.  Shortly thereafter, the Court entered a Minute Order stating, in part, that Defendants "waited almost a month after the Court set a briefing schedule to file [the motion to extend] only a couple days before their deadline" of July 2, 2026, and thus directed Defendants to file a notice by July 1, 2026, addressing "(1) why they did not move for an extension earlier, and (2) the soonest that the agencies are able to prepare the requisite declarations."  *See* Min. Order dated June 29, 2026.

Consistent with this Court's orders granting motions to extend in other matters, Defendants moved for their extension three days before their deadline (after the parties had a chance to meet and confer on a modified briefing schedule) in order to provide the Court with sufficient time to rule on the pending motion.  *See*, *e.g.*, *Greene v. USAID*, Civ. A. No. 25-4217 (SLS), Min. Order

dated March 30, 2026 ("Any future requests for extensions should be submitted at least three days before the deadline absent extraordinary circumstances."); *Khaboshan v. Dep't of State*, Civ. A. No. 26-0092 (SLS), Min. Order dated June 26, 2026 ("Going forward, all requests for extension must be filed at least three days in advance of any deadline.").

Further, undersigned counsel had various other deadlines in the last few weeks which prevented him from filing the motion to extend any sooner, including: (1) a reply in support of a dispositive motion and opposition to a cross-motion in *Monikang v. FCC*, Civ. A. No. 25-4362 (TSC); (2) a pre-motion notice in *Democracy Defenders Fund v. FBI*, Civ. A. No. 26-0496 (ACR); (3) a motion to dismiss in *Xie v. DHS*, Civ. A. No. 26-1140 (RBW); (4) a motion to dismiss in *American Oversight v. CDC*, Civ. A. No. 26-1351 (RBW); (5) an opposition to a motion for reconsideration in *Quiroz Zapata v. Mullin*, Civ. A. No. 26-1560 (RJL); (6) a motion to dismiss in *Justin v. Collins*, Civ. A. No. 26-1059 (GMH); (7) a reply in support of a motion to dismiss in *Zalutski v. Rubio*, Civ. A. No. 26-1192 (LLA); (8) written discovery responses in *Green v. Department of the Air Force*, Civ. A. No. 24-1590 (RDM); and (9) written discovery demands in *Teffera v. Fudge*, Civ. A. No. 23-3803 (MJS).   These deadlines, along with several others throughout July, are also a significant reason why Defendants have requested August 17, 2026, as the deadline to move for summary judgment.  *See* ECF No. 39 at 2; ECF No. 40 at 2.  Defendants certainly did not wish to imply that any perceived delay was purposeful. Rather, any delay resulted from undersigned counsel's substantial caseload and the competing deadlines and responsibilities that counsel manages on a daily basis.

As for the declarations, undersigned counsel reports that he received a draft declaration from the Office of Management and Budget on June 29, 2026, which is still undergoing internal review and is expected to be completed shortly thereafter.  Undersigned counsel further reports

that the Office of Personnel Management employee previously responsible for this matter recently retired, and that a new employee must now review the relevant background and become sufficiently familiar with the issues in order to draft a declaration supporting Defendants' forthcoming motion. OPM has indicated that it can submit a draft declaration to the undersigned by July 10, 2026. However, the undersigned will not be able to begin preparing Defendants' forthcoming motion for summary judgment for several weeks thereafter, as counsel must prepare motions for summary judgment in *Bloomberg, L.P. v. CFPB*, Civ. A. No. 26-0866 (JMC), and in *Markel v. Phelan*, Civ. A. No. 26-0097 (RJL), and must also complete fact discovery in both *Green v. Department of the Air Force*, Civ. A. No. 24-1590 (RDM), and in *Teffera v. Fudge*, Civ. A. No. 23-3803 (MJS).

Undersigned counsel shares the Court's desire to move matters on the Court's docket promptly toward resolution. In this case, however, the government has not sought more time than is necessary in order to adequately represent the United States' interest in this matter. As set forth in Defendants' motion, and as reiterated above, Defendants have requested an extension in good faith and not to inappropriately delay these proceedings. Importantly, counsel for Plaintiff has also consented in the jointly proposed schedule, and neither party wishes to unnecessarily delay proceedings in this matter. While this case has not been pending for a significant period of time, the Government wishes to ensure that it is able to present the Court with a robust record so that it can appropriately address any outstanding issues and ensure that the record is sufficient in the event there is any appellate review. Accordingly, Defendants respectfully request that the Court grant Defendants' motion and extend the briefing schedule as previously requested.

- 4 -

Dated: July 1, 2026
     Washington, D.C.

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By:    */s/ Benjamin H. Zieman*
       Benjamin H. Zieman
       Assistant United States Attorney
       601 D Street N.W.
       Washington, D.C. 20530
       202-252-2540
       benjamin.zieman@usdoj.gov

*Attorneys for the United States of America*