UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DEMOCRACY FORWARD FOUNDATION,

Plaintiff,

v.

OFFICE OF PERSONNEL MANAGEMENT, et al.,

Defendants.

Civil Action No. 25-0858 (SLS)

**DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF MATERIAL FACTS IN SUPPORT OF ITS CROSS-MOTION FOR SUMMARY JUDGMENT**

Pursuant to Federal Rule of Civil Procedure 56(c) and Local Civil Rule 7(h), Defendants Office of Personnel Management ("OPM") and Office of Management and Budget ("OMB") respectfully submit the following response to Plaintiff's statement of material facts in support of its cross-motion for summary judgment (ECF No. 44-2). For the Court's convenience, Defendants restate below Plaintiff's factual assertions followed by Defendants' response.

1. By the February 26, 2025 Memorandum by OMB and OPM titled "Guidance on Agency RIF and Reorganization Plans Requested by Implementing the President's 'Department of Government Efficiency' Workforce Optimization Initiative," ("RIF Memo"), federal agencies were directed to submit Phase 1 Agency Reorganization Plans ("ARRPs") to the Office of Management and Budget ("OMB") and the Office of Personnel Management ("OPM") no later than March 13, 2025. *See* Martinez Decl. ¶ 12.

**Response:** Undisputed. *See* Harris Decl. Ex. 1.

2. According to the RIF Memo, the purpose of the submission of the Phase 1 ARRPs by federal agencies to OMB and OPM was for review and approval. *See* Martinez Decl. ¶ 13.

**Response:** Undisputed that the February 26 Memorandum directed agencies to submit Phase 1 ARRPs to OPM and OMB "for review and approval." *See* Harris Decl. Ex. 1. However, the process was not intended to produce final OPM- and OMB-approved agency plans that the submitting agencies would be committed to carry out. Rather, it was designed to provide OPM and OMB with a preliminary view of the agencies' proposed approaches to reorganization for further assessment and potential adjustment. *See* Harris Decl. ¶ 11.

3. In the RIF Memo, OMB and OPM directed federal agencies to identify a list of agency subcomponents or offices that provide direct services to citizens (item 1). *See* Martinez Decl. ¶ 14.

**Response:** Undisputed. *See* Harris Decl. Ex. 1.

4. In the RIF Memo, OMB and OPM directed federal agencies to identify any statutes that establish the agency or subcomponents of the agency, as statutorily required entities (item 2). *See* Martinez Decl. ¶ 15.

**Response:** Undisputed. *See* Harris Decl. Ex. 1.

5. In the RIF Memo, OMB and OPM directed federal agencies to identify all agency components and employees performing functions not mandated by statute (item 3). *See* Martinez Decl. ¶ 16.

**Response:** Disputed as incomplete. The full text of the cited provision reads: "All agency components and employees performing functions not mandated by statute or regulation who are not typically designated as essential during a lapse in appropriations (because the functions

performed by such employees do not fall under an exception to the ADA) using the Agency Contingency Plans submitted to OMB in 2019 referenced above." *See* Harris Decl. Ex. 1.

6. In the RIF Memo, OMB and OPM directed federal agencies to identify competitive areas and organizational components that the agency "has targeted" and attrition "achieved" (item 5.e.i). *See* Martinez Decl. ¶ 17.

**Response:** Disputed as incomplete. Although the February 26 Memorandum refers to "[a]ttrition achieved by RIFs," it directs agencies to identify the specific workforce-reduction tools they "intend[] to use," the competitive areas and organizational components they "ha[ve] targeted or will target" for initial RIFs, and their "target for reductions in FTE positions via RIFs." *See* Harris Decl. Ex. 1 at 4. The Memorandum also directs agencies to identify their "timetable and plan for implementing each part" of their Phase 1 ARRPs. *Id*. Moreover, Appendix 1, which the Memorandum expressly references in connection with RIFs, identifies the selection of competitive areas and levels as the initial step due by March 13, 2025, with subsequent steps encompassing planning, preparation, issuance of RIF notices, and implementation. *Id*. at 7.

7. In the RIF Memo, OMB and OPM directed federal agencies to identify a list of job positions of all positions categorized as essential (item 6). *See* Martinez Decl. ¶ 18.

**Response:** Disputed as incomplete. The full text of the cited provision reads: "A list by job position of all positions categorized as essential for purposes of exclusion from large-scale RIFs, including the number per each job position and total by agency and subcomponent." *See* Harris Decl. Ex. 1.

8. In the RIF Memo, OMB and OPM directed federal agencies to identify the agency's timetable and plan for implementing each part of its Phase 1 ARRP (item 8). *See* Martinez Decl. ¶ 19.

**Response:** Undisputed. *See* Harris Decl. Ex. 1.

9. The Department of Education initiated a reduction in force ("RIF") on March 11, 2025. *See* Martinez Decl. ¶ 20.

**Response:** Undisputed.

10. The Department of Education initiated the RIF before or shortly after the submission of its ARRP. *See* Martinez Decl. ¶ 21.

**Response:** Disputed as stated. Defendants do not dispute that the Department of Education announced a reduction in force on March 11, 2025, two days before the deadline for submitting Phase 1 ARRPs. *See* U.S. Department of Education, Press Release, *U.S. Department of Education Initiates Reduction in Force* (Mar. 11, 2025). But Plaintiff identifies no evidence establishing that the Department of Education submitted an ARRP to Defendants or when any such submission occurred. Indeed, the Department of Education expressly denied having submitted an ARRP to Defendants in discovery in *New York v. McMahon*. *See New York v. McMahon*, Civ. A. No. 25-10601 (D. Mass.), ECF No. 224-6 at 5. The cited Martinez Declaration merely repeats Plaintiff's assertion without identifying any supporting evidence or establishing counsel's personal knowledge of the alleged submission. *See* Fed. R. Civ. P. 56(c)(4); *Greer v. Paulson*, 505 F.3d 1306, 1315 (D.C. Cir. 2007) (hearsay "counts for nothing" at the summary judgment stage); *Fleck v. VA Office of the Inspector Gen.*, 651 F. Supp. 3d 46, 53–54 (D.D.C. 2023) (explaining that an affidavit or declaration which complies with Rule 56(c)(4) is permissible summary judgment evidence "not because the affidavit or declaration is itself admissible trial evidence but because it is a statement made under penalty of perjury that provides a substitute for live testimony and can, thus, be converted into admissible evidence") (cleaned up, citation omitted).

11. The Department of Health and Human Services ("HHS") initiated a reorganization of its Office of General Counsel ("OGC") on or before March 11, 2025. *See* Martinez Decl. ¶ 22.

**Response:** Undisputed.

12. The OGC reorganization effort that HHS initiated resulted in layoffs. *See* Martinez Decl. ¶ 23.

**Response:** Undisputed.

13. The OGC reorganization effort was contemplated or referenced in the HHS ARRP. *See* Martinez Decl. ¶ 24.

**Response:** Objection. This paragraph is not supported by any competent evidence and thus fails to comply with Local Rule 7(h)(1) or Rule 56(c)(4). The cited Martinez Declaration merely repeats Plaintiff's assertion without identifying any supporting evidence or establishing counsel's personal knowledge of the contents of the HHS ARRP. *See Greer v. Paulson*, 505 F.3d 1306, 1315 (D.C. Cir. 2007) (hearsay "counts for nothing" at the summary judgment stage); *Fleck v. VA Office of the Inspector Gen.*, 651 F. Supp. 3d 46, 53–54 (D.D.C. 2023) (explaining that an affidavit or declaration which complies with Rule 56(c)(4) is permissible summary judgment evidence "not because the affidavit or declaration is itself admissible trial evidence but because it is a statement made under penalty of perjury that provides a substitute for live testimony and can, thus, be converted into admissible evidence") (cleaned up, citation omitted).

14. Other agencies implemented actions or attempted to implement actions described in their ARRPs, including RIFs. *See* Martinez Decl. ¶ 25.

**Response:** Objection. This paragraph is not supported by any competent evidence and thus fails to comply with Local Rule 7(h)(1) or Rule 56(c)(4). The cited Martinez Declaration merely repeats Plaintiff's assertion without identifying any supporting evidence or establishing

counsel's personal knowledge of the contents of the ARRPs submitted by other agencies. *See Greer v. Paulson*, 505 F.3d 1306, 1315 (D.C. Cir. 2007) (hearsay "counts for nothing" at the summary judgment stage); *Fleck v. VA Office of the Inspector Gen.*, 651 F. Supp. 3d 46, 53–54 (D.D.C. 2023) (explaining that an affidavit or declaration which complies with Rule 56(c)(4) is permissible summary judgment evidence "not because the affidavit or declaration is itself admissible trial evidence but because it is a statement made under penalty of perjury that provides a substitute for live testimony and can, thus, be converted into admissible evidence") (cleaned up, citation omitted)

15. Agencies, including the Department of Energy and the National Endowment for the Humanities, included factual information about their components and organization within their ARRPs. *See* Martinez Decl. ¶ 26.

**Response:** Undisputed, but denied to the extent this paragraph implies that the selection of factual information did not itself reflect a deliberative process.

16. Agencies, including the Department of Energy, included steps already taken to reduce workforce size within their ARRPs. *See* Martinez Decl. ¶ 27.

**Response:** Undisputed as to the Department of Energy. Disputed as to the ARRPs submitted by other agencies. *See* Harris Decl. ¶ 29. The cited Martinez Declaration merely repeats Plaintiff's assertion without identifying any supporting evidence or establishing counsel's personal knowledge of the contents of the ARRPs submitted by other agencies. *See* Fed. R. Civ. P. 56(c)(4); *Greer v. Paulson*, 505 F.3d 1306, 1315 (D.C. Cir. 2007) (hearsay "counts for nothing" at the summary judgment stage); *Fleck v. VA Office of the Inspector Gen.*, 651 F. Supp. 3d 46, 53–54 (D.D.C. 2023) (explaining that an affidavit or declaration which complies with Rule 56(c)(4) is permissible summary judgment evidence "not because the affidavit or declaration is itself

admissible trial evidence but because it is a statement made under penalty of perjury that provides a substitute for live testimony and can, thus, be converted into admissible evidence") (cleaned up, citation omitted).

17. Agencies, including the Department of Energy and the National Endowment for the Humanities, submitted ARRPs in formats with separated sections responding to the numbered categories of information required by Defendants OMB and OPM's memorandum. *See* Martinez Decl. ¶ 28.

**Response:** Undisputed as to the Department of Energy and the National Endowment for the Humanities. Disputed as to the ARRPs submitted by other agencies. *See* Harris Decl. ¶¶ 29, 37–41. The cited Martinez Declaration merely repeats Plaintiff's assertion without identifying any supporting evidence or establishing counsel's personal knowledge of the contents of the ARRPs submitted by other agencies. *See* Fed. R. Civ. P. 56(c)(4); *Greer v. Paulson*, 505 F.3d 1306, 1315 (D.C. Cir. 2007) (hearsay "counts for nothing" at the summary judgment stage); *Fleck v. VA Office of the Inspector Gen.*, 651 F. Supp. 3d 46, 53–54 (D.D.C. 2023) (explaining that an affidavit or declaration which complies with Rule 56(c)(4) is permissible summary judgment evidence "not because the affidavit or declaration is itself admissible trial evidence but because it is a statement made under penalty of perjury that provides a substitute for live testimony and can, thus, be converted into admissible evidence") (cleaned up, citation omitted).

18. In April 2025, the Consumer Protection Financial Bureau sought to cut around 1,500 positions, constituting around 90% of its workforce. *See* Martinez Decl. ¶ 29.

**Response:** Undisputed.

19. On or around March 17, 2025, the Department of the Interior sent buyout offers to nearly all of its 70,000 employees. *See* Martinez Decl. ¶ 30.

**Response:** Undisputed.

20. On or around April 4, 2025, the Internal Revenue Service began issuing layoff notices to its employees as part of a RIF. *See* Martinez Decl. ¶ 31.

**Response:** Undisputed.

21. On or around July 11, 2025, the Department of State laid off around 1,350 employees as part of a RIF. *See* Martinez Decl. ¶ 32.

**Response:** Undisputed.

Dated: October 26, 2026
Washington, D.C.

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By: /s/ Benjamin H. Zieman
Benjamin H. Zieman
Assistant United States Attorney
601 D Street N.W.
Washington, D.C. 20530
202-252-2540
benjamin.zieman@usdoj.gov

*Attorneys for the United States of America*